(No. 57889.—

GARBE IRON WORKS, INC., Appellee, v. GEORGE J.
PRIESTER *et al.*, Appellants.

*Opinion filed December 1, 1983.*

Ned Langer, of Chicago, for appellants.

Richard L. Horwitz and David J. Chroust, of Drendel, Schanlaber, Horwitz & Oakes, and James Edwards, of Edwards, Parker & Jordan, all of Aurora, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Garbe Iron Works, Inc., initiated these proceedings to enforce a mechanic's lien against defendants George J. Priester, Veta L. Priester and National Precast, Inc. The circuit court of Cook County dismissed the complaint for plaintiff's failure to file within the statutory limitation period of two years (Ill. Rev. Stat. 1979, ch. 82, par. 9). The appellate court reversed and remanded, holding that National Precast's filing for bankruptcy extended the time within which plaintiff could file its suit. (110 Ill. App. 3d 948.) We granted defendants' petition for leave to appeal.

National Precast, Inc. (the contractor), contracted with George and Veta Priester (the owners) to erect certain structural steel framework on the latters' property and engaged plaintiff to supply labor and materials. Plaintiff completed its performance on February 2, 1979, and filed a claim for a mechanic's lien on May 2, 1979, of which the owners were notified. When plaintiff was not paid for its work and sought to enforce its lien, it

was necessary, under the statutory provisions, to join both the contractor and the property owners (Ill. Rev. Stat. 1979, ch. 82, par. 28), and that suit be filed within two years after completion of performance (Ill. Rev. Stat. 1979, ch. 82, par. 9). However, on August 11, 1980, National Precast had filed a petition for bankruptcy under chapter XI of the Bankruptcy Act (11 U.S.C. sec. 1 *et seq.* (1976 and Supp. 1979)). That act provides that a bankruptcy filing automatically stays the commencement or continuation of any proceedings against the debtor, including the issuance of process (11 U.S.C. sec. 362 (Supp. 1979).) Consequently, plaintiff was unable to pursue its suit to enforce the mechanic's lien since a necessary party, National Precast, could not be joined.

Plaintiff thereafter filed a complaint in the bankruptcy court seeking a modification of the automatic stay. On December 23, 1980, 133 days after National Precast filed for bankruptcy, the bankruptcy court entered an order permitting plaintiff to proceed against National Precast. Plaintiff received notice of that order on January 9, 1981, and filed this suit to enforce its mechanic's lien on March 16, 1981, 42 days after the two-year limitation period had expired. Plaintiff added a second count to its complaint on October 20, 1981, which sought a personal judgment against the property owners for payments made to National Precast in violation of sections 27 and 32 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, pars. 27, 32).

Defendants subsequently moved to dismiss the complaint because plaintiff had failed to file within two years after completion of performance (Ill. Rev. Stat. 1979, ch. 82, par. 9). Defendants also alleged that neither count stated a cause of action. The circuit court granted defendants' motion without specifying the grounds and dismissed plaintiff's complaint with prejudice.

The appellate court concluded that the section 9 limi-

tation period was effectively tolled for 133 days—the amount of time plaintiff was prevented from filing suit due to the Bankruptcy Act's automatic stay provision. Since suit was filed within this extended time period, that court concluded the complaint should not have been dismissed.

At issue is whether a bankruptcy filing by a necessary party in an action to enforce a mechanic's lien extends the amount of time the subcontractor has to file suit. We conclude that it does and consider section 108(c) of the Bankruptcy Act to be dispositive. It provides:

"[I]f applicable law *** fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor *** and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title ***." 11 U.S.C. sec. 108(c) (Supp. 1979).

Subsection (1) seems clearly applicable to the present case. To enforce its lien it was mandatory that plaintiff join both the contractor and the property owners (Ill. Rev. Stat. 1979, ch. 82, par. 28). By virtue of the automatic stay, however, plaintiff was precluded for 133 days from proceeding against National Precast. According to section 108(c)(1) plaintiff should have been allowed an additional 133 days to file suit after the two-year limitation period had expired on February 2, 1981. The filing of the complaint on March 16, 1981, was therefore timely.

Defendants argue that section 108(c)(1) should have no application here since it is only triggered when a particular statutory scheme provides for the suspension of a limitation period, and our statutes do not provide for suspension in these circumstances. The sole basis for their argument is

a legislative statement that section 108(c)(1) includes any special suspensions of limitation periods (11 U.S.C.A. sec. 108, Legislative Statements, at 101 (1979).) Nowhere, however, do the legislative statements or the committee notes indicate that the application of section 108(c)(1) is limited to such situations, and to so hold would require a strained construction of that section and defeat its apparent purpose. The fact that the legislative statement indicates that 108(c)(1) "includes" special statutory provisions suspending limitations otherwise applicable implies a broader purpose than that attributed to it by defendants. While not entirely free from doubt, the intent of sections 108(c)(1) and (2) seems to be to extend the period within which a creditor may act by the greater of (1) the period granted by a particular statutory scheme, (2) the period during which action has been stayed by the Bankruptcy Act, or (3) 30 days after notice of the termination of the stay. Defendants correctly note that the limitation period contained in section 9 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 9) is not an ordinary statute of limitation since it conditions the right to enforce a mechanic's lien and not just the remedy (*North Side Sash & Door Co. v. Hecht* (1920), 295 Ill. 515, 520). They rely on our decision in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, for the proposition that special limitation periods cannot be tolled. We held there that conditions of minority or incompetency would not toll the special limitation period contained in the Dramshop Act. Our decision, however, was specifically grounded on the legislature's failure to provide for tolling under those circumstances. Here, unlike *Demchuk*, section 108(c) of the Bankruptcy Act sets forth specific guidelines for tolling under existing circumstances. This court has, in fact, never held that special limitation periods could not be tolled, and in *Levine v. Unruh* (1968), 99 Ill. App. 2d 94, 240 N.E.2d 521, our appellate court stated that such limitations were subject to the tolling provisions of the Bankruptcy Act.

Defendants contend, too, that reliance on the public record will become impracticable if tolling is permitted. They reason that subsequent purchasers of property will be unable to determine the viability of a mechanic's lien if the time in which it must be enforced can be extended by a bankruptcy filing. Defendants misjudge the magnitude of the problem. Our decision requires only that prudent purchasers determine whether a necessary party to a foreclosure suit has filed for bankruptcy. We do not consider that the additional effort thus called for necessitates a contrary decision.

Also unpersuasive is defendant's contention that the automatic stay provision in section 362 of the Bankruptcy Act is not applicable to the present facts since no direct relief from National Precast was sought. Section 362, however, broadly and plainly prohibits the commencement of any type of proceeding against the debtor (11 U.S.C. sec. 362 (Supp. 1979)), and this action, under the statute, could not have been commenced without joining the debtor as a party defendant. Plaintiff was unquestionably subject to the automatic stay and correctly delayed filing suit until it was lifted.

Defendants next challenge count II of plaintiff's amended complaint for failure to state a cause of action. As earlier noted, count II sought damages from the property owners for improper payments allegedly made to the contractor. Defendants do not contest that such payments would violate sections 27 and 32 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, pars. 27, 32). Rather, they argue that plaintiff's only remedy is an action to enforce its mechanic's lien. We disagree. Section 28 of the Mechanics' Liens Act states:

> "If any money due to the laborers, materialmen, or sub-contractors be not paid within 10 days after his notice is served *** then such person may *either* file a claim for lien or file a complaint and enforce such lien within the same limits as to time and in such other man-

ner as hereinbefore provided for the contractor in section 7 and sections 9 to 20 inclusive, of this Act, *or he may sue the owner and contractor jointly for the amount due in the circuit court, and a personal judgment may be rendered therein, as in other cases.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 82, par. 28.)

The final clause of the above sentence enables a subcontractor to seek a personal judgment against the owner and the contractor whenever the owner, with notice of the subcontractor's claim, fails to make payment on such claim. Accordingly, count II of plaintiff's amended complaint states a cause of action. Since count II is not an action to enforce a mechanic's lien it is not governed by the two-year limitation period contained in the Mechanics' Liens Act. Applicable instead is the five-year period set forth in section 15 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 16), and count II was filed well within that period.

For the foregoing reasons the judgment of the appellate court is affirmed.

*Judgment affirmed.*