Ben **EDWARDS, Walter Huber, Jr., Rudy Hernandez, Ted Frye, Raymond Sowles, James Zaideman, Brad Bennett, Freeman Bragdon, Richard Simmons, Gerald Wheeler, International Association of Bridge Structural and Ornamental Iron Workers, Local 395, Iron Workers Local 395 Fringe Benefits Funds, Mid–America Pension Fund and Tri–State Welfare Fund, Appellants,**

**v.**

**BETHLEHEM STEEL CORPORATION, a foreign corporation, FLR Company, Inc., a foreign corporation, and Unknown Owners and Claimants, Appellees.**

No. 64A03–8702–CV–37.

Court of Appeals of Indiana,
Third District.

Jan. 12, 1988.

Richard J. Puchalski, Doss, Puchalski and Keenan, Ltd., Chicago, Steve H. Tokarski, Tokarski and Anast, Schererville, for appellants.

Larry G. Evans, Katharine E. Gerken, Hoeppner, Wagner and Evans, Valparaiso, for appellees.

GARRARD, Presiding Judge.

Appellants, International Association of Bridge Structural and Ornamental Iron Workers Local 395 (Local 395), Iron Workers Local 395 Fringe Benefit Funds (Benefit Funds), Mid–American Pension Fund (Mid–American), and Tri–State Welfare Fund (Tri–State) appeal the granting of summary judgment against them and in favor of Bethlehem Steel corporation in an action to foreclose a mechanic's lien. We affirm.

The action arose out of a relationship between FLR Company, Inc. and ten individuals, including Ben Edwards, who were members of the union, Local 395. FLR contracted to perform construction on a Bethlehem Steel plant located on Bethlehem Steel Corporation property in the Burns Harbor area. In December 1984 FLR entered into a collective bargaining agreement with Local 395. The agreement called for FLR to pay wages to the ten workers and to pay fringe benefits on behalf of the workers to the three fringe benefit funds, Benefit Funds, Mid–American, and Tri–State in exchange for labor.

Edwards and the other nine members of Local 395 worked on the Burns Harbor project from December 1984 until May 1985. At that point FLR encountered financial difficulties, failed to pay the agreed-upon wages and fringes, and filed for bankruptcy.

In June 1985 Edwards and his co-workers and the three fringe benefit funds filed a "Notice of Intention to Lien." The following March the same plaintiffs and Local 395 filed a complaint to foreclose the mechanic's lien against Bethlehem Steel Corporation, FLR and certain unknown owners seeking damages of $58,819.75 for wages and fringes owed and seeking to impose a mechanic's lien in the same amount on Bethlehem Steel's Burns Harbor plant.

Bethlehem Steel responded by moving for summary judgment. The trial court granted summary judgment against Local 395 and the three fringe benefits funds. The claims of the individual workers are still pending at the trial level.

Appellants raise two questions for our review although we find that the thrust of the arguments in the briefs of both parties is directed primarily to the second issue. First, are the Indiana mechanic's lien statutes to be strictly or liberally construed when determining what parties are entitled to acquire and enforce mechanic's liens? Second, are an employees' fringe benefit fund and union properly entitled to acquire and enforce a mechanic's lien?

With regard to the first issue concerning strict or liberal construction of Indiana's mechanic's lien statutes in determining whether a certain group may acquire and enforce a mechanic's lien, the law is clear. In fact, both appellant and appellee concede that the law is clear. In Indiana the mechanic's lien statutes are in derogation of the common law and the provisions of such statutes which relate to the creation, existence or class of individuals entitled to such a lien are to be strictly construed. *Mid America Homes, Inc. v. Horn (1979)*, 272 Ind. 171, 396 N.E.2d 879, 881; *Lee & Mayfield v. Lykowski House Moving Engineers* (1986), Ind.App., 489 N.E.2d 603, 608. On the other hand, once the lien has attached, provisions relating to the enforcement should be liberally construed to effect the remedial purposes of the statute. *Lafayette Tennis Club v. C.W. Ellison, etc.* (1980), Ind.App., 406 N.E.2d 1211, 1213.

The main contention of appellants in this case is that the fringe benefit funds and union should be entitled to acquire and foreclose upon a mechanic's lien for fringe benefits which are owed to the fund and that therefore summary judgment against the fringe benefit funds was improper. We disagree.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *M & K Corp. v. Farmers State Bank* (1986), Ind.App., 496 N.E.2d 111, 112; *Indiana State Highway Dept. v. Robertson* (1985) Ind.App., 482 N.E.2d 495, 497.

IC 32–8–3–1 prescribes who may be eligible to acquire a mechanic's lien. In order to be able to secure a mechanic's lien a person or entity must be a contractor, subcontractor, mechanic, lessor leasing construction and other equipment and tools, whether or not an operator is also provided by the lessor, journeyman, laborer or any other person "performing labor or furnishing materials or machinery, including the leasing of equipment or tools used, for the erection, altering, repairing or removing of any ... structure," etc. Neither the union nor any of the benefit funds come within the definition.

A contractor is one who makes an agreement with another to do a piece of work, retains in himself control of the means, method and manner of producing the product without being subject to the employer's control except as to the result, and under circumstances where neither party has the right to terminate the contract at will. *Nash v. Meguschar* (1950), 228 Ind. 216, 91 N.E.2d 361, 363; *Heffner v. White* (1942), 113 Ind.App. 296, 45 N.E.2d 342, 345. Similarly a subcontractor is one who agrees to do something for another, but is not controlled or subject to the control of the other in the manner or method of accomplishing the result contracted for. *Gross Income Tax Division v. Fort Pitt Bridge Works* (1949), 227 Ind. 538, 86 N.E.2d 685, 689. Appellants have presented no evidence nor have they argued that the collective bargaining agreement, albeit a contract, called for either the union or the fringe benefit funds to control the work being done. That specific task was left to FLR which was a contractor in this matter. We find that neither the union nor the fringe benefit funds were contractors or subcontractors. Clearly, they do not otherwise fit within the class of persons or entities entitled to raise and foreclose a mechanic's lien.[1] They furnished neither labor nor materials. There was no error on this issue. Bethlehem was entitled to summary judgment as a matter of law.

We feel constrained to point out, however, that just because the union and fringe

---

1. We note that the issue of whether unions and fringe benefit funds may raise and enforce a mechanic's lien is a matter of first impression in Indiana. Precedent in other states comes out on both sides of the matter. *See, e.g., Ridge Erection Co. v. Mountain States T. & T. Co.* (1976), 37 Colo.App. 477, 549 P.2d 408, 411 (finding that Colorado mechanic's lien statute did not include an express grant of a lien claim to trustees of employees' trust funds); *Hawaii Carpenters' Trust Funds v. Aloe* (1981), 63 Hawaii 566, 633 P.2d 1106, 1113 (holding essentially that trustees of a trust fund could seek to enforce a mechanic's lien). We are, however, constrained to construe the Indiana statute strictly.

benefits fund cannot pursue a mechanic's lien does not mean that Edwards and the other laborers cannot raise and foreclose a mechanic's lien for wages denied including the value of the fringe benefits denied. IC 32–8–3–1 states that a mechanic's lien may be had for "... the extent of the value of any labor done...." In this case the extent of the value of labor done logically includes not only wages but also any fringe benefits contracted for because the workers agreed to provide their labor for wages and certain fringe benefits. There was no error in granting the summary judgments.

Affirmed.

STATON, J., and MILLER, P.J., concur.