**DELUXE SHEET METAL, INC. and Herrman & Goetz, Inc., Plaintiffs–Appellants,**

v.

**PLYMOUTH PLASTICS, INC., Defendant–Appellee.**

No. 50A03–8910–CV–430.

Court of Appeals of Indiana, Third District.

June 25, 1990.

Rehearing Denied Aug. 8, 1990.

R. William Jonas, Jr., Hammerschmidt, Bonewitz, Amaral & Jones, South Bend, for plaintiffs-appellants.

Jere L. Humphrey, Kizer & Neu, Plymouth, for defendant-appellee.

HOFFMAN, Presiding Judge.

Plaintiffs-appellants Deluxe Sheet Metal, Inc. and Herrman & Goetz, Inc. appeal the trial court's judgment in favor of Plymouth Plastics, Inc.

The facts relevant to this appeal disclose that defendant-appellee Plymouth Plastics owns a parcel of real estate in Marshall County, Indiana. Plymouth Plastics contracted with Wright Construction Company to build a plant on the real estate. As general contractor, Wright Construction contracted with Herrman & Goetz, Inc. and Deluxe Sheet Metal, Inc. to perform work on the project as subcontractors. Herrman & Goetz and Deluxe completed work on the project for which they were not paid. The claimed value of this work is $79,600.00 and $57,662.00 respectively.

The contractor, Wright Construction, filed for relief under Chapter 11 of the Bankruptcy Code on May 9, 1986. Herr-

man & Goetz and Deluxe filed notices of mechanic's liens on May 13, 1986.

On June 25, 1986, Wright Construction filed an adversary proceeding in bankruptcy court naming Herrman & Goetz, Deluxe, and Plymouth Plastics as defendants. Wright asked the court to set aside the mechanic's liens of Herrman & Goetz and Deluxe because they were not timely filed under IND.CODE § 32–8–3–1 (1988 Ed.). It also requested the court to order Plymouth Plastics to turn over approximately $57,000.00 for labor and material performed and furnished on the project. The bankruptcy court dismissed the adversary proceeding on June 22, 1987 after considering a stipulation of dismissal entered into by the parties.

Herrman & Goetz and Deluxe filed their complaints to foreclose mechanic's liens on June 23, 1987. These causes came to trial on March 28, 1989. The court entered its judgment on September 5, 1989 finding that Herrman & Goetz and Deluxe complied with the time requirements for *filing* mechanic's liens but did not timely file their complaints to foreclose mechanic's liens to *enforce* their liens.

One issue is dispositive of this appeal: whether the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a), prevented appellants from enforcing their mechanic's liens against the appellee-nondebtor owner.[1]

Since the trial court found that the claimants failed to meet all statutory requirements for enforcing their liens, the lien claimants are appealing negative judgments. A negative judgment will be reversed only if it is contrary to law. *Stanray Corp. v. Horizon Constr., et al.* (1976), 168 Ind.App. 164, 175–176, 342 N.E.2d 645, 652.

"And '[i]t is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set

1. None of the parties to this appeal dispute the trial court's finding that plaintiffs-appellants timely filed their mechanic's liens pursuant to IND.CODE § 32–8–3–3 (1988 Ed.). (This sec-

tion requires a party to file a notice of intention to hold a lien upon property within 60 days after performing such labor or furnishing such materials or machinery.)

aside on the ground that it is contrary to law.' *Lamb v. Conder* (1975), 166 Ind. App. 293, 335 N.E.2d 625, 628."
*Id.*

■ Initially there is a question raised in the briefs of whether the mechanic's lien statutes should be liberally or strictly construed. In Indiana the mechanic's lien statutes are in derogation of the common law and the provisions of the statutes which relate to the creation, existence, or class of individuals entitled to such a lien are to be strictly construed. *Edwards v. Bethlehem Steel Corp.* (1988), Ind.App., 517 N.E.2d 430, 432. However, once the lien has attached, provisions relating to the enforcement should be liberally construed to effect the remedial purposes of the statute. *Id.*

■ The parties also raise a preliminary question as to when a mechanic's lien is deemed perfected. In Indiana there is a distinction between perfecting a lien and enforcing a lien. Once the claimant has met the requirements of IND.CODE § 32–8–3–3 for filing a mechanic's lien, the lien is deemed perfected.[2] *Leeper v. Myers* (1894), 10 Ind.App. 314, 37 N.E. 1070. The claimant then has one year in which to enforce his perfected lien. IND.CODE § 32–8–3–6 (1988 Ed.).

■ Since it is not disputed that appellants properly filed their mechanic's liens pursuant to IND.CODE § 32–8–3–3, the issue is whether the liens were enforced within the one-year period. As stated above the statute relating to the enforcement of the liens will be liberally construed. This statute reads:

"Any person having *such lien may enforce the same by filing his complaint* in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situated, at any time *within one (1) year from the time when said notice has been received for record by the recorder of the county;* or, if a credit be given, from the expiration of the credit, *and if said lien shall not be enforced within the time*

*prescribed by this section, the same shall be null and void*: Provided, That no credit shall be valid to extend the time for filing suit hereunder unless the terms thereof are in writing executed by the lienholder and by all owners of record, and recorded in the same manner as the original notice of lien and within one (1) year from the date the notice of lien was originally received for record. If said lien be foreclosed as herein provided, the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property, without relief whatever from valuation or appraisement laws." (Emphasis added.)
IND.CODE § 32–8–3–6 (1988 Ed.).

Appellants claim the one-year period in which to enforce the liens was tolled due to the debtor contractor's bankruptcy petition triggering the automatic stay provision. 11 U.S.C. § 362(a). The contractor's petition operated

"as a stay, applicable to all entities, of—

(1) the commencement ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\*  \*  \*  \*  \*  \*

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

\*  \*  \*  \*  \*  \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]"
11 U.S.C. § 362(a) (1990 Ed.).

Appellants argue that while their foreclosure was not directly against the debtor-contractor, the debtor-contractor was necessarily involved since the mechanic's liens

---

**2.** Although there was some discussion as to whether the automatic stay prevents the perfection of a mechanic's lien, it is clear that perfection of a mechanic's lien is excepted from the scope of the automatic stay. *See:* 11 U.S.C. § 362(b)(3) and 11 U.S.C. § 546(b).

against the owner's real estate could not have existed without a claim against the debtor-contractor. Therefore, appellants believe the foreclosure action would have violated the automatic stay prohibiting recovery of a claim against the debtor.

The supreme court in Illinois addressed this issue in *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422. The subcontractor in *Garbe* was not paid for its work by the contractor who had gone into bankruptcy. Hence, the subcontractor had filed a mechanic's lien against the owner's real estate. The subcontractor argued that it could not have brought an action to enforce its lien until the automatic stay had been lifted and therefore, the time period in which to enforce a lien should be tolled. The court looked to § 108(c) of the Bankruptcy Code for guidance. It provides:

"[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title...."

11 U.S.C. § 108(c) (1990 Ed.).

Relying on § 108(c)(1), the court held that since the subcontractor was precluded from filing suit for 133 days on account of the automatic stay, the subcontractor should be allowed an additional 133 days to file suit after the automatic stay had been lifted.

"[T]he intent of sections 108(c)(1) and (2) seems to be to extend the period within which a creditor may act by the greater of (1) the period granted by a particular statutory scheme, (2) the period during which action has been stayed by the Bankruptcy Act, or (3) 30 days after notice of the termination of the stay."

*Id.*, 75 Ill.Dec. at 431, 457 N.E.2d at 425.

Although no direct relief from the debtor-contractor was sought, the subcontractor in *Garbe* could not have commenced its suit to enforce its lien under Illinois law without joining the debtor-contractor as a party defendant. It is on this point that the *Garbe* decision is distinguishable. In Indiana it is not *necessary* for appellants to join the debtor-contractor in its foreclosure action.

"In a proceeding against the owner by a subcontractor ... to enforce his lien, the contractor is a proper party, but is not a necessary party."

19 I.L.E. *Mechanics' Liens* § 95 (1959); *see also: Hubbard et al. v. Moore* (1892), 132 Ind. 178, 31 N.E. 534.

Since Wright, the debtor-contractor, was not a necessary party to the foreclosure action, the appellants would not have violated the automatic stay by commencing their action to enforce their liens and therefore, the time period in IND.CODE § 32–8–3–6 was not tolled.

The two cases cited by appellants in support of their position can be differentiated. Although the debtor in *In re Barksdale* (Bankr.W.D.Vir 1981) 15 B.R. 731, was not the owner of the real estate on which plaintiff filed its foreclosure action, the debtor had a *possessory interest* in the real estate and the provisions of the automatic stay were broad enough to protect the debtor's interest. The creditor in *In Matter of S.I. Acquisition, Inc.* (5th Cir.1987), 817 F.2d 1142, sought to pursue its claim against the debtor's parent corporation and principal, who was not in bankruptcy, in state court based on the theory of piercing the corporate veil. The court held that the creditor's state court cause of action based on alter ego allegations was automatically stayed upon the filing of S.I.A.'s bankruptcy petition for the following reasons:

1) the creditor's action is a right of action belonging to S.I.A. and, as such, is "property of the estate" within the meaning of section 541(a)(1);

2) the creditor's action would benefit all of S.I.A.'s creditors, but the creditor was proceeding alone, only for its benefit, without giving notice to other creditors of S.I.A.;

3) the creditor's action abridges the general policy of giving the debtor and its control persons the opportunity to reorganize its finances; and

4) if one creditor is permitted to proceed outside of bankruptcy based upon alter ego, then all creditors of S.I.A. may do likewise resulting in a multi-jurisdictional rush to judgment that cuts against the fundamental policies of the Bankruptcy Code.

There is no possessory interest or alter ego in this case.

Appellants also claim that they would have run afoul of 11 U.S.C. § 362(a)(3) prohibiting any act to obtain possession of "property of the estate." The term "property of the estate" is defined in § 541 of the Bankruptcy Code:

"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(1) (1990 Ed.).

The parties agree that there was a dispute as to whether the owner, Plymouth Plastics, had paid the debtor-contractor, Wright, approximately $57,000.00 due under its contract for labor and materials performed and furnished for the improvement of the owner's real estate. Appellants claim that they could not have proceeded with their foreclosure since the owner had funds allegedly due and owing the debtor-contractor which were property of the debtor's estate. It is clear that any sums due from the owner, Plymouth Plastics, to the debtor-contractor at the time of the petition were property of the estate as defined in 11 U.S.C. § 541(a)(1).

*In re R.E. Tull & Sons, Inc.* (Bankr.D. Md.1982), 25 B.R. 709, 710;

*In the Matter of the Yobe Electric, Inc.* (Bankr.W.D.Pa.1983), 30 B.R. 114, 118.

The *Tull* court acknowledged that the definition of property of the estate enveloped receivables due to the debtor. The debtor has an equitable interest in funds due from the owner under a construction contract. *Id.* at 710. The *Tull* court disallowed any action by the creditor attempting to obtain funds owed to the debtor from the owner. The court reasoned that to allow the creditor to proceed with its mechanic's lien action would be to permit it to prevail over all other unsecured creditors of the debtor.

In a similar case, *Yobe, supra,* the subcontractor had filed a mechanic's lien against the owner's property and was attempting to enforce it although the contractor was in bankruptcy. The debtor asserted that funds owed to it by the owner were property of the estate and thus, the subcontractor should not be allowed to pursue the owner in a state court action. In response the subcontractor argued that the mechanic's lien involved an *in rem* action against the real property of the owner and that it had not attempted to lien *any funds* in the hands of the owner. The court agreed and allowed the subcontractor to perfect its lien.

These cases differ in that the subcontractors in this case desire to enforce their liens since their liens have already been perfected. However the same reasoning is applicable. The subcontractors have mechanic's liens on the owner's *real estate*, not on *funds* in the owner's hands. For a subcontractor to pursue an owner's funds, it must file a notice to hold owner personally liable under IND.CODE § 32–8–3–9 (1988 Ed.) *See*: *Indianapolis Power & Light Co. v. Todd* (1985), Ind.App., 485 N.E.2d 632. There is no evidence that this was done or could have been done. The claims of the subcontractors are *in rem* and thus, did not involve property of the debtor's estate.

In conclusion, the subcontractors could have pursued the owner in state court de-

spite the contractor's bankruptcy. The subcontractors were bound to file their foreclosure actions within one year as required by IND.CODE § 32–8–3–6. This they did not do. The mechanic's liens are null and void. IND.CODE § 32–8–3–6.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.