CUMBERLAND METALS,
INC., Appellant,

v.

KENTUCKY INSURANCE GUARANTY
ASSOCIATION; American Druggists
Insurance Company; Metropolitan
Erecting Company, Inc.; Joseph P.
Dooley and Janet S. Dooley, Appellees.

No. 89–CA–002440–MR.

Court of Appeals of Kentucky.

Dec. 28, 1990.

---

Ronald P. Hillerich, W. Allen Schmitt, Louisville, for appellant.

David B. Blandford, Ackerson, Nutt, Blandford, Yann & Kiser, P.S.C., Louisville, for appellees Kentucky Ins. Guar. Ass'n and American Druggists Ins. Co.

J. Michael Poole, Louisville, for appellees Metropolitan Erecting Co., Inc., Joseph P. Dooley and Janet S. Dooley.

Before DYCHE, EMBERTON and STUMBO, JJ.

STUMBO, Judge:

This case of first impression presents a single issue: whether an automatic stay issued by a bankruptcy court acts as a stay for suit against the bankrupt construction contractor's surety, thus tolling the contractual one-year limitation in the surety bond. The trial court held that in the absence of an application by the surety for a stay, none existed and, thus, the contract's limitation period was not tolled. We affirm.

Appellant herein provided materials for the construction of the Galleria in Louisville. Metropolitan Erecting Company (hereinafter "Metropolitan") was a subcontractor in the project and had obtained a performance bond covering its suppliers from American Druggists Insurance Company (hereinafter "American"). Metropolitan has gone into bankruptcy and American into liquidation. The Kentucky Insurance Guaranty Association (hereinafter "KIGA") succeeded to the interest of American pursuant to KRS 304.36–080.

Metropolitan's work on the Galleria concluded on September 12, 1982. The performance bond provided that any suit for payment must be brought within "one (1) year following the date on which principal ceased work on said project." Metropolitan filed a petition in bankruptcy on January 10, 1983, and an automatic stay issued. The bankruptcy proceeding was dismissed on April 28, 1984. Appellant filed suit seeking payment on June 24, 1984, against Metropolitan and American.

Appellant obtained a judgment against Metropolitan in January of 1985. On April 30, 1986, American was adjudged insolvent in Ohio and all actions stayed against it. KIGA assumed the defenses of American, claiming the action barred by the one-year limitation in the performance bond.

The trial court held that the stay granted Metropolitan did not extend to its surety and, thus, the suit filed by appellant was barred by the contractual limitation of the performance bond. Appellant primarily relies upon *Garbe Iron Works, Inc. v. George J. Priester,* 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422 (1983), an Illinois case, on ap-

peal. *Garbe*, however, is clearly distinguishable in that Illinois law required that suit could not be instituted against the surety without joining the principal. That is simply not the law in Kentucky.

Appellant also cites *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.*, 817 F.2d 1142 (5th Cir.1987). That case did not involve the principal/surety relationship at bar. Rather, it was a suit against non-bankrupt codefendants who were found to be alter egos of the bankrupt. Because the bankrupt and nonbankrupt codefendants were considered a single entity, the stay applied to the debtor's action. Of particular importance in that decision is the court's finding that enforcing the stay as to the nonbankrupt codefendants would carry out the general policies of the Bankruptcy Code.

Eastway's action is not one that is personal to it. Its action is based upon allegations that if proven would benefit all of S.I.A.'s creditors, i.e., making more assets available to satisfy S.I.A. debts. *Supra*, at 1153.

The action brought by appellant is personal to appellant. Any recovery would not benefit other debtors of Metropolitan.

Appellant also cites *In re Mortgageamerica Corporation*, 714 F.2d 1266 (5th Cir. 1983). We do not find *Mortgageamerica* at all applicable because it involved fraudulent transfers of property of the bankrupt to other corporations and their controlling interest holder to defeat creditor claims.

We find that the reasoning of the Ninth Circuit in *Matter of Lockard*, 884 F.2d 1171 (9th Cir.1989) to be most persuasive here. There the Court found that a surety is independently liable to the creditor and that its obligations are primary, not derivative, of those of the debtor. *Id.*, at 1179. Thus, a stay granted to debtor does not extend to the surety.

Appellant finds fault with the trial court's finding that "[i]t was the American Druggists Insurance Company (present through its successor in interest, the Kentucky Insurance Guarantee Association) who would have had to apply to the Court for a stay of actions against it during the pendency of Metropolitan's bankruptcy action."

Appellant argues that this is unrealistic in that American would not apply for such a stay absent suit against it. However, that is precisely the fact situation presented by *In re Metal Center, Inc.*, 31 B.R. 458 (Bkrtcy.D.Conn., 1983); *Seaboard Surety Co. v. Board of Chosen Freeholders of Warren County*, 222 N.J.Super. 409, 537 A.2d 310 (A.D.1988). As stated in *In re All Seasons Resorts, Inc.*, 79 B.R. 901 (Bkrtcy.C.D.Cal., 1987):

> It is clear to me that ... the automatic stay under § 362 of the Code may be extended to cover nondebtors in special situations. However to achieve this result ... requires the filing of an appropriate adversary proceeding ... [by the debtor].

For the reasons set forth herein, the judgment of the Jefferson Circuit Court is hereby affirmed.

All concur.