717 A.2d 429

CARMELA NATIVO, PLAINTIFF–APPELLANT, v. THE GRAND
UNION COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 15, 1998—Decided October 1, 1998.

Before Judges LONG, WEFING and CARCHMAN.

*Abrams, Gatta, Falvo & Sevrin,* attorneys for appellant (*Douglas J. Gatta,* on the brief).

*Kiernan & Strenk,* attorneys for respondent (*Charles A. Strenk,* on the brief).

The opinion of the court was delivered by

WEFING, J.A.D.

Plaintiff Carmela Nativo was shopping in a Grand Union supermarket in Brick Township, New Jersey on August 30, 1994. She alleged she was injured when a can of dog food fell from a shelf and struck her. She retained counsel who, in September 1994, notified a Grand Union claims representative. In January 1995, approximately five months after the incident, Grand Union filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware. This filing, of course, triggered the automatic stay provisions of 11 *U.S.C.* § 362(a) and precluded Ms. Nativo from instituting suit for her injuries. In May 1995, Ms. Nativo filed a Proof of Claim with the Bankruptcy Court. On July 3, 1996, the United States Bankruptcy Judge executed a Stipulation and Order which modi-

fied the automatic stay to the extent that plaintiff was permitted to litigate her claim against Grand Union. She agreed in return that she would not execute upon any judgment she might obtain but rather would file an amended Proof of Claim with the Bankruptcy Court within thirty days of any judgment. Appellant's counsel received a copy of this Stipulation and Order on July 19, 1996, forty-two days before the statute of limitations expired. *N.J.S.A.* 2A:14–2.

On September 6, 1996, seven days after the statute of limitations had run, plaintiff filed her complaint. In due course, Grand Union filed its answer and included the statute of limitations among its affirmative defenses. In May 1997, Grand Union filed a motion for summary judgment in which it argued that plaintiff's complaint should be dismissed since it was untimely. The trial court granted the motion, and plaintiff has appealed. We are constrained to affirm.

Plaintiff's argument is two-fold: she contends that the operation of the statute of limitations was stayed by the bankruptcy proceeding and further that she should be allowed to proceed with her complaint for equitable reasons.

In support of her first position, she points to Section 108(c) of the Bankruptcy Code and several cases construing its language. The statute provides in part:

Extension of time: [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case, or (2) 30 days after notice of the termination or expiration of the [automatic] stay ....

[11 *U.S.C.* § 108(c).]

■ We recognize that certain courts have construed that language to mean that a state's statute of limitations is tolled for the length of time that an automatic stay under 11 *U.S.C.* § 362(a) is in effect. *Garbe Iron Works, Inc. v. Priester,* 99 *Ill.*2d 84, 75 *Ill.Dec.* 428, 457 *N.E.*2d 422 (1983); *Major Lumber Co. v. G & B*

*Remodeling, Inc.*, 817 *S.W.*2d 474 (Mo.App.1991). We consider more persuasive, however, those authorities which have rejected such a view. *Rogers v. Corrosion Products, Inc.*, 42 *F.*3d 292, 297 (5th Cir.), *cert. denied*, 515 *U.S.* 1160, 115 *S.Ct.* 2614, 132 *L. Ed.*2d 857 (1995) (Section 108(c) "does not create a separate tolling provision.... The statute plainly states that for the time period to be suspended, other federal or state law must mandate it and then be incorporated through 108(c). Otherwise, a party must file suit within the thirty-day grace period after the end of the stay."); *Aslanidis v. United States Lines, Inc.*, 7 *F.*3d 1067, 1073 (2nd Cir.1993) ("The reference in 108(c)(1) to 'suspension' of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in other federal or state statutes."). We are entirely unpersuaded by plaintiff's argument that the bankruptcy proceeding added anything to the limitations period because the limitations period had not expired when the July 3, 1996 Stipulation and Order were entered.

 In support of her equitable argument, plaintiff points to the fact that she acted diligently in first notifying Grand Union of her claim and in filing her Proof of Claim and that Grand Union cannot suffer prejudice through a filing seven days after expiration of the period of limitations. The cases upon which plaintiff relies are all distinguishable, however.

In *Galligan v. Westfield Centre Service, Inc.*, 82 *N.J.* 188, 412 *A.*2d 122 (1980), plaintiff filed a complaint in state court twenty-two days after the period of limitations had expired; at the time he did so, however, he still had pending a complaint in federal court which had been timely filed and the Supreme Court, noting that timely complaint, refused to bar his state action as untimely. Here, there was no timely companion action. In *Zaccardi v. Becker*, 88 *N.J.* 245, 440 *A.*2d 1329 (1982), the Supreme Court, based upon the actions of both counsel, precluded defendant from asserting a statute of limitations defense. Here, defense counsel did nothing to contribute to the delay in filing. In *Ochs v. Federal Ins. Co.*, 90 *N.J.* 108, 447 *A.*2d 163 (1982), the Court found no

equitable grounds upon which to extend a period of limitations. In *W.V. Pangborne & Co. v. New Jersey Dep't of Transportation,* 116 *N.J.* 543, 562 *A.*2d 222 (1989), the Court did not invoke equitable estoppel to preclude the State from asserting a limitations defense although it did consider that certain of its actions created confusion and were a breach of its implied duty of good faith and fair dealing. Nothing in this record, however, would warrant a finding that defendant was in any way responsible for the late filing of this complaint.

Finally, the Court's recent opinion in *Negron v. Llarena,* 156 *N.J.* 296, 716 *A.*2d 1158 (1998), does not advance plaintiff's case, for in that matter as in *Galligan, supra,* plaintiff had filed a timely complaint in Federal District Court. The Court utilized that timely federal filing as a basis to permit her untimely state court action to proceed.

Forty-two days remained within which to file this complaint under *N.J.S.A.* 2A:14–2 after receipt of the July 3, 1996 Stipulation and Order. There is no basis in this record to preclude Grand Union from invoking its statutory limitations defense.

Affirmed.