NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4431-18T1

CARMELLA C. MINELLI and
ANTHONY MINELLI,

    Plaintiffs-Appellants,

v.

HARRAH'S RESORT ATLANTIC
CITY, HARRAH'S OPERATING
COMPANY, INC., CAESARS
ENTERTAINMENT, and CAESARS
ENTERTAINMENT OPERATING
COMPANY, INC.,

    Defendants-Respondents.

**APPROVED FOR PUBLICATION**

**May 19, 2020**

**APPELLATE DIVISION**

Submitted March 3, 2020 - Decided May 19, 2020

Before Judges Fisher, Accurso and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-1509-15.

Dasti Murphy McGuckin Ulaky Koutsouris &
Connors, PC, attorneys for appellants (Christopher K.
Koutsouris, on the briefs).

Camacho Mauro Mulholland, LLP, attorneys for
respondents (Reena Shah, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Plaintiffs Carmella C. Minelli and her husband Anthony Minelli appeal from the dismissal of their personal injury action against defendants Harrah's Resort Atlantic City, Harrah's Operating Company, Inc., Caesars Entertainment and Caesars Entertainment Operating Company, Inc. based on the two-year statute of limitations, N.J.S.A. 2A:2-14. Because we conclude that operation of Section 108(c)(2) of the Bankruptcy Code made plaintiffs' claims timely filed, at least as to defendant Caesars Entertainment Operating Company, we reverse.

Plaintiff Carmella Minelli contends she was injured in a slip and fall at Harrah's Resort Atlantic City. Her complaint alleges that at the time of her accident, Harrah's Operating Company, d/b/a Harrah's Resort Atlantic City, a subsidiary of defendant Caesars Entertainment Operating Company, which in turn was a subsidiary of defendant Caesars Entertainment, were indistinct entities, "inadequately capitalized" and structured "to merely evade responsibility." Her complaint asserts the court should accordingly "pierce the corporate veil," disregarding defendants' corporate forms in assessing liability for her injuries.

Plaintiff does not dispute that she filed her complaint more than two years after her accident. She claims, however, that "Harrah's AC," as the

Harrah's defendants referred to themselves in correspondence with her lawyer, was aware of the claim, and that the bankruptcy of Caesars Entertainment Operating Company, approximately six months before the limitations period was set to expire, extended her time to sue.

Because the case was dismissed at the pleadings stage, the facts presented to us are limited. There appears no dispute, however, at least for purposes of the motion to dismiss, as to these few, key procedural facts. Plaintiff's fall at Harrah's AC happened on June 2, 2013. On January 15, 2015, Caesars Entertainment Operating Company, Inc., formerly known as Harrah's Operating Company, Inc. or Harrah's Casino Hotel Reno, and 172 or more affiliated entities, but not Harrah's AC, filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Illinois, triggering the automatic stay under Section 362 of the Bankruptcy Code, 11 U.S.C. §362(a).

Plaintiff filed her complaint on June 30, 2015. Defendants did not answer but instead filed a Notice of Suggestion of Bankruptcy. Plaintiff obtained relief from the bankruptcy court on January 28, 2019, by way of consent order permitting plaintiff "to proceed against Caesars [Entertainment Operating Company] as a nominal defendant only" in order to allow plaintiffs to "establish liability against Caesars for the sole purpose of recovering from

either (a) any non-Reorganized Debtor defendants, (b) any proceeds of available insurance policies issued in the name of or for the benefit of the Debtors . . . , or (c) any third-party insurance policies that may apply."

Defendants thereafter filed a motion to dismiss pursuant to Rule 4:6-2(e), arguing plaintiffs' complaint was time-barred. Plaintiffs opposed the motion, arguing 11 U.S.C. §108 made the filing timely. Defendants filed a reply brief asserting, allegedly for the first time, that the Harrah's defendants were not among the Caesars entities seeking protection in the bankruptcy court.

After hearing argument, the Law Division dismissed the complaint with prejudice. Relying on our opinion in Nativo v. Grand Union Co., 315 N.J. Super. 185, 188 (App. Div. 1998), the court concluded that had plaintiffs filed their complaint before the limitations period expired, "then the matter might have been delayed until the automatic stay was lifted on January 28, 2019. But because [p]laintiff did not file until after the two-year statute of limitations, the filing was out of time and not subject to the automatic stay."

Plaintiffs moved for reconsideration, arguing Nativo was distinguishable because the plaintiff in that case received stay relief before expiration of the two-year limitations period but did not file her complaint until after the statute

4                                                                    A-4431-18T1

had run.  See id. at 186-87.  The court denied the motion for reconsideration.

This appeal follows.

11 U.S.C. §108(c) provides in pertinent part:

> Extension of time:  [I]f applicable nonbankruptcy law
> . . . fixes a period for commencing or continuing a
> civil action in a court other than a bankruptcy court on
> a claim against the debtor, or against an individual
> with respect to which such individual is protected
> under section 1201 or 1301 of this title, and such
> period has not expired before the date of the filing of
> the petition, then such period does not expire until the
> later of (1) the end of such period, including any
> suspension of such period occurring on or after the
> commencement of the case; or (2) 30 days after notice
> of the termination or expiration of the [automatic]
> stay.

In Nativo, we interpreted this provision as extending the applicable two-year

statute of limitations thirty days beyond the termination of an automatic stay

under 11 U.S.C. §362(a), if the limitations period would otherwise have ended

while the stay remained in place.  See Nativo, 315 N.J. Super. at 187-88.

Because the plaintiff in that case, however, received notice of stay relief forty-

two days before the statute of limitations expired but did not file her complaint

until seven days afterward, we found the defendant's bankruptcy proceeding

did not "add[] anything to the limitations period." Id. at 188.

This case is different.  The statute of limitations on plaintiff's personal

injury claim expired while the bankruptcy stay, at least as to Caesars

Entertainment Operating Company,[1] remained in place. Accordingly, Section 108(c)(2) of the Bankruptcy Code plainly permitted her to file an action "against the debtor, or against an individual . . . protected under section 1201 or 1301 [stays of action against a codebtor]," up until "30 days after notice of the termination or expiration of the stay under section 362," here, January 28, 2019. As plaintiffs filed their complaint well before that date, it would appear timely filed under Section 108(c)(2) as to those defendants protected by the automatic stay.

Defendants contend, however, that plaintiffs "are not entitled to relief under 11 U.S.C. §108(c)" because they filed their complaint after expiration of the limitations period but before the start of the thirty-day grace period. Defendants reason that had plaintiffs "wanted the protection of 11 U.S.C. §108(c), they would have waited to file their complaint until the bankruptcy stay was terminated and they received the order modifying the injunction."

Putting aside defendants' tacit admission that plaintiffs' complaint would have been timely under Section 108(c)(2) if filed within thirty days of January 28, 2019, more than three-and-one-half years after its actual filing in June

---

[1] Defendant Caesars Entertainment Operating Company, not its parent, Caesars Entertainment, is the debtor. Defendants, however, have argued that plaintiffs are not entitled to the Section 108 "grace period" as to the Harrah's defendants only. Defendants have not explained why this distinction among the non-debtor defendants, and we cannot discern it from the limited record.

2015, defendants cite no case or other authority in support of their argument. We accordingly dismiss it as inadequately briefed.[2] See 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011); Weiss v. Cedar Park Cemetery, 240 N.J. Super. 86, 102 (App. Div. 1990).

Defendants further argue that "[p]laintiffs are not entitled to a grace period for their claims against Harrah's Resort Atlantic City and Harrah's Operating Company since these entities were not subject to the automatic stay." Specifically, defendants contend that although "some of the 174 entities listed [in the bankruptcy filing] contain some iteration of Harrah's or Atlantic City," the Harrah's defendants in this action were not among those entities seeking bankruptcy protection.

---

[2]  Because the claim is not adequately briefed, we are not confident we fully understand the argument. To the extent defendants are arguing that plaintiffs' complaint is void because filed in violation of the automatic stay, we note the Third Circuit has held the power of the bankruptcy court under Section 362(d) to grant relief from the automatic stay, including by "annulling, . . . such stay," 11 U.S.C. §362(d), "indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void ab initio," In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994) (quoting In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992)); see also Bascom Corp. v. Chase Manhattan Bank, 363 N.J. Super. 334, 341 (App. Div. 2003) (same). The consent order signed by the bankruptcy judge in this matter expressly permits plaintiffs to "proceed against Caesars [Entertainment Operating Company]" in their action "pending in the Superior Court of New Jersey, Law Division, Mercer County" in accordance with the order's terms.

Plaintiffs appear to concede the point, at least implicitly, in asserting the automatic stay should extend to defendant Harrah's Resort Atlantic City, the "alleged non-debtor" subsidiary of debtor Caesars Entertainment Operating Company. In support of their argument, they rely on Judge Posner's opinion for the Seventh Circuit in the bankruptcy action, remanding to the bankruptcy judge the question of whether suits against the debtor's parent should be stayed by the court. See Caesars Entm't Operating Co. v. BOKF, N.A. (In re Caesars Entm't Operating Co.), 808 F.3d 1186, 1188 (7th Cir. 2015). Following the remand, the bankruptcy court temporarily enjoined certain actions against Caesars Entertainment, the non-debtor parent of debtor Caesars Entertainment Operating Company.[3] Caesars Entm't Operating Co. v. BOKF, N.A., 561 B.R. 441, 443 (Bankr. N.D. Ill. 2016).

The Law Division did not reach plaintiffs' argument that the automatic stay triggered by defendant Caesars Entertainment Operating Company's Chapter 11 filing extended to the Harrah's defendants as non-debtor subsidiaries, based on its conclusion that Section 108 afforded plaintiffs no

---

[3] We note, however, that those cases did not involve application of the automatic stay under Section 362, but rather imposition of an injunction pursuant to the exercise of the bankruptcy court's equitable powers. See In re Caesars Entm't Operating Co., 808 F.3d at 1188. Plaintiffs do not explain how those cases support their argument that their claims against defendants Harrah's Resort Atlantic City and Harrah's Operating Company were timely filed pursuant to Section 108, and the point is not obvious to us.

relief whatsoever. Although federal bankruptcy law holds the automatic stay of Section 362(a)(1) is generally limited to the debtor, it appears likewise well-established that a bankruptcy court may extend the stay under that section to "non-bankrupt co-defendants" when there is such identity between the debtor and the co-defendant "that the debtor may be said to be the real party defendant and that a judgment against the [co-]defendant will in effect be a judgment or finding against the debtor." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287-88 (2d Cir. 2003) (applying the automatic stay to debtor's wholly owned corporation because adjudication of a claim against the non-debtor corporation would have an immediate adverse economic impact on the debtor).

We note here that the only question for our courts is whether the automatic stay was extended by the bankruptcy court to the non-debtor defendants. Whether the stay should extend beyond the debtor is a question reserved to the exclusive jurisdiction of the federal courts. See 28 U.S.C. 1334(a) and (d); Union Cty. Sav. Bank v. Johnson, 210 N.J. Super. 589, 597 (Ch. Div. 1986).

In other words, a state trial court must decide its own jurisdiction to hear the case before it, including, specifically, whether that case is stayed by operation of Section 362. See In re Baldwin-United Corp. Litig., 765 F.2d

343, 347 (2d Cir. 1985) (holding "[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay"); accord Citizens First Nat'l Bank of N.J. v. Marcus, 253 N.J. Super. 1, 6 (App. Div. 1991).  But as the Supreme Court of Connecticut has recently explained, that state courts necessarily have jurisdiction to determine whether the automatic stay provision, "by its own terms," applies to a proceeding in state court, does not confer "jurisdiction to modify the application of the automatic stay provision pursuant to 11 U.S.C. § 105 (a) or 11 U.S.C. § 362 (d) by extending its application to proceedings to which it does not, by its own terms, automatically apply."  U.S. Bank Nat'l Ass'n v. Crawford, 219 A.3d 744, 758 (Conn. 2019).[4]

Because the parties have not presented us with any information as to whether the bankruptcy court extended the automatic stay to the non-debtor

---

[4]  Although beyond the scope of the issues to be decided here, we note a state court's exercise of jurisdiction to decide issues relating to the automatic stay can raise complicated questions of federal collateral review of state court judgments, notwithstanding the Rooker-Feldman doctrine.  See Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1079, 1084 (9th Cir. 2000) (en banc) (explaining that "modifying the automatic stay is not the act of a state court merely interpreting federal law; it is an intervention in the operation of an ongoing federal bankruptcy case, the administration of which is vested exclusively in the bankruptcy court"); In re Phila. Entm't & Dev. Partners, 879 F.3d 492, 498-99 (3d Cir. 2018); In re Knapper, 407 F.3d 573, 583 n.22 (3d Cir. 2005).

defendants and, if so, whether plaintiffs sought stay relief to proceed against them, and the trial court did not consider the issue, it is inappropriate for us to do so in the first instance, see Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). We only vacate the dismissal as to Caesars Entertainment and the Harrah's defendants based as it was on the erroneous conclusion that Section 108 afforded plaintiffs no relief even as to Caesars Entertainment Operating Company, an entity clearly protected by the automatic stay.

To recap, we reverse the Law Division's dismissal of plaintiffs' complaint as to Caesars Entertainment Operating Company, vacate the dismissal as to Caesars Entertainment and the Harrah's defendants and remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

Reversed in part, vacated in part, and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4431-18T1