REINHOLD A. FISCHER *et al.*, d/b/a Fischer Bros. Construction Company, Plaintiffs-Appellants, *v.* McHENRY STATE BANK, Trustee, *et al.*, Defendants-Appellees.

Second District   No. 78-426

Opinion filed July 27, 1979.

Churchill, Baumgartner and Phillips, of Grayslake, for appellants.

James C. Franz, of Franz and Horeled, of Crystal Lake, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is an appeal and a cross-appeal from the judgment entered in a suit brought to foreclose a mechanics' lien which had been filed upon a horse farm located in McHenry County. The plaintiffs-appellants herein are Reinhold A. Fischer and Henry W. Fischer, who do business as the Fischer Brothers Construction Co., which deals principally in earth moving and grading. The defendant McHenry State Bank holds title to the property in question as trustee under a land trust and did not actively participate at trial nor has it appealed from the result. The defendant and cross-appellant, Anthony DeAngelo, d/b/a Flying Raid Stables, was the sole beneficiary of the land trust, the sole active defendant at the trial and the only cross-appellant herein. Certain other individuals were also named defendants; however, they have assumed an inactive role in this litigation and we will not concern ourselves with them. As a consequence we subsequently refer to Mr. DeAngelo as "the defendant" in the singular.

This matter began early in March of 1974 when the defendant met plaintiff Reinhold Fischer on the property in question and they had a conversation concerning the leveling and grading of a half-mile horse-training track on that site. Subsequently a surveyor was retained to accurately set, for the first time, the grades to be cut by the plaintiff. That survey showed that the defendant's estimate of the amount of fill required was quite incorrect. Nonetheless, work was begun on April 3 and continued, weather permitting, until September 17 when the defendant declared himself satisfied with the job and ordered work to stop. During the course of the work the defendant was billed for a total of $56,178.50 in

services and materials, and he made a total of $20,000 in payments, without objection, thereby leaving a balance of $36.178.50. The defendant would make no further payments, the plaintiffs filed a mechanics' lien on the property and subsequently commenced this action.

In its judgment the trial court specifically found that the parties were engaged in a time and materials contract. It also found that the counterclaims raised by the defendant were without merit and concluded that the plaintiff was entitled to a total of $21,000 for services rendered, plus costs of suit but with no mention of interest. The plaintiffs appeal, contending that the trial court erred in assessing the amount of their lien which, they claim, should have included an additional $15,178.50 in order to conform to the evidence. The plaintiffs also contend that the trial court erred in not awarding them interest running from the date they stopped work on defendant's premises. Defendant cross-appeals, contending that the trial court erred in finding that the parties had a time and materials contract rather than one for a fixed sum. He also vigorously attacks the finding of the trial court that his counterclaim is without merit.

■■ We note at this point, although it has not been raised by the parties, that the beneficiary of a land trust is, as a matter of law, an "owner" of property whose acts or omissions will allow the mechanics' lien act (Ill. Rev. Stat. 1977, ch. 82, par. 1 *et seq.*) to apply to real estate. See *Dunlap v. McAtee* (1975), 31 Ill. App. 3d 56, 333 N.E.2d 76.

The initial issue before this court is whether all or any part of the trial court's order is beyond the manifest weight of the evidence. The second issue is whether the plaintiff is entitled to interest upon his deficiency balance and, if so, from what date and at what rate.

■■ We hold that the trial court correctly found an oral, time and materials contract for earth moving and grading to exist between the parties. We hold this because the issue rested upon the conflict in testimony between Reinhold Fischer and the defendant; and in the light of the subsequent dealings between the parties and the repeated impeachment of the defendant's testimony, we cannot say that the trial court's decision on this issue was incorrect. It also correctly found the counterclaims and defenses of the defendant to be without merit. This is due to the fact that all of the defendant's counterclaims were based either on alleged defects in the material used to construct the track or on its alleged deviation from plan. Since the defendant himself provided almost all of the material used and in fact ordered the deviations from plan, the holding is clearly correct. On the other hand, however, we are utterly unable to justify, from the evidence, that portion of the trial court's order setting the deficiency balance owed the plaintiff at $21,000. The record is quite clear that the defendant incurred a total of $56,178.50 in daily charges from the plaintiff for services and materials. It is equally clear that

the defendant made payments totaling only $20,000. Elementary arithmetic reveals that there exists a deficiency of $36,178.50. Furthermore, competent expert testimony for the plaintiffs showed that their charges were reasonable for the area and the type of work done, and no worthwhile evidence was presented by the defendant at trial to contradict the accuracy of the plaintiffs' billings. The record also makes it quite plain that at no time during their relationship of over seven months did the defendant ever object to the billings which he unquestionably received in the form of daily statements, monthly invoices and periodic statements of account. Therefore, the total amount claimed by the plaintiffs stands completely unrebutted. Since the trial court did not indicate in its order the method of accounting it utilized to determine the deficiency owed by defendant, and in the light of the large discrepancy between plaintiffs' unrebutted claim and the amount allowed, we have no choice but to find that the amount of his finding, for only $21,000 in indebtedness, was inadequate and was beyond the manifest weight of the evidence and must be reversed.

■■ We now turn to the issue of whether interest should be allowed on the deficiency balance. The law is quite clear that the mechanics' lien act provides for interest to be paid on the amount owed to the contractor and it is error to deny it. (See *Ahmer v. Peters* (1958), 17 Ill. App. 2d 113, 149 N.E.2d 503, and *Edward Edinger Co. v. Willis* (1931), 260 Ill. App. 106.) Therefore, it was error for the trial court here not to include interest on the amount owed to the plaintiff in his deficiency judgment. It remains for us to determine when the interest should begin to run and what the rate should be. The mechanics' lien act itself provides for "* * * interest from the date the same *is due*." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 82, par. 1.) In the instant case we have neither a written contract nor evidence of a specific oral agreement which sets out the time for payments thereon. The plaintiffs contend that they should be entitled to interest from the last date they worked upon the defendant's premises as "* * * the assumption is that the money to be paid is due upon completion of the work done." The defendant, on the other hand, contends that there is no proof as to when the obligation matured and, therefore, there is no proper date from which to fix the running of interest. From our examination of the record, and the arguments of the parties, we conclude that both positions are incorrect. What we are concerned with here is an oral contract for the ongoing provision of certain services and materials connected with earthmoving and grading. During the time that such services were provided five separate monthly billing invoices were submitted to the defendant. Each invoice covered a specific set of services, usually provided during the preceding month. Prominently set out on each invoice is the following legend:

"TERMS: Net 30 days. After 30 days, add 1% interest per month."

It is our opinion that each of these invoices was a separate, clear demand for payment, setting a separate maturity date on those specific obligations incurred by the defendant during that invoice period. The first invoice was issued on May 31, 1974, for the sum of $16,850. On June 8 the defendant paid $10,000, which must be applied toward the satisfaction of the May 31 invoice, leaving $6,850 to mature on June 30. On June 30 a second, noncumulative invoice was issued for $19,457.50 in additional services. On July 9 the defendant made his second and final payment of $10,000, $6,850 of which must be applied to satisfy the balance of the May 31 invoice and leaving only $3,150 to be applied to the June 30 statement, which matured on July 30. On July 31 an invoice for $10,461.50 was tendered, which reflected additional work done during July and which matured on August 30. On September 30 two invoices were tendered for $3,390 for work done during August and $6,019. 50 for work done during September, both of which matured on October 30. Therefore, $16,307.50 has been due since July 30, 1974; $10,461.50 has been due since August 30, 1974; and $9,409.50 has been due since October 30, 1974.

■■ It is clear, therefore, that the defendant is obligated to pay on three separately due obligations, and the separate dates of their maturity must be used on computing the interest due to the plaintiffs on each.

■■ As to the rate of interest to be paid here, case law states that the interest is to be "* * * at the legal rate." Since the mechanics' lien act itself does not set a rate, we must look to the closest parallel statute that sets a "legal rate", which is, in this case, the Interest Act (Ill. Rev. Stat. 1977, ch. 74, par. 2), which provides for the rate of 5% per annum to be paid to creditors on matured accounts, which is quite similar to the situation herein. Therefore, the defendant should pay interest at a rate of 5% per annum on his matured obligations.

In summary, we affirm those portions of the trial court's order which found a time and materials contract to exist as well as those which found the defendant's counterclaims to be without merit. We reverse that portion of the trial court's order setting the amount of the deficiency balance, and we remand for the entry of an appropriate order setting a balance and computing the interest due thereon in conformity with this opinion.

Affirmed in part; reversed in part and remanded with directions.

NASH and WOODWARD, JJ., concur.