HILL BEHAN LUMBER COMPANY, Plaintiff-Appellant, *v.* AMERICAN NATIONAL BANK & TRUST COMPANY OF WAUKEGAN, Trustee, *et al.*, Defendants-Appellees.

Second District    No. 81-166

Opinion filed October 29, 1981.

Benjamin Daidone, of Daidone and Daidone, of Chicago, for appellant.

W. Howard Swanson and Donna R. Henderson, both of Williams, Swanson and Henderson, of Waukegan, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Hill Behan Lumber Company, plaintiff (hereinafter referred to as Hill Behan), appeals from the judgment of the circuit court of Lake County in favor of the defendant American National Bank & Trust Company of Waukegan (hereinafter the bank) in an action to foreclose a mechanics' lien.

Hill Behan furnished lumber and other materials for an addition to a dwelling, the title to which was held in a land trust by the bank. The beneficiaries of the trust were Mayme Taylor and Virginia Reaser, mother and daughter. The house had six rooms on the first floor and six rooms on the second floor. There were two kitchens, but only one entrance, front and back, and an open stairway from the first to the second floor. There was only one telephone. The testimony was that only mother and daughter or grandmother and granddaughter had occupied the house since 1954.

Hill Behan, as subcontractor, furnished material to Michael Zervos, a contractor, who had signed a contract with Howard Reaser, Virginia's husband, for an addition to the dwelling. Zervos and Reaser had a falling out, and Zervos quit the job. He had been paid by Reaser for certain work and material used on the job before he quit but had not paid Hill Behan for the material used in such work. Hill Behan, being unable to collect from Zervos, filed the mechanics' lien which is the subject of this suit against the bank as trustee and record owner of the dwelling into which Hill Behan lumber was incorporated pursuant to Zervos' remodeling job.

The bank defended on the ground that the building in question was an owner-occupied single-family residence and that the lien was defective for failure of Hill Behan to give the 14-day notice required of a subcontractor in filing a mechanics' lien against an owner-occupied single-family residence. Such notice is required by sections 5 and 21 of "An Act relating to contractors' and material men's liens, known as mechanics' liens" (Ill. Rev. Stat. 1979, ch. 82, pars. 5 and 21). These sections provide in part as follows:

"It shall be the duty of each subcontractor who has furnished, or is furnishing, materials or labor for an existing owner-occupied

single-family residence, in order to preserve his lien, to notify the occupant either personally or by certified mail, return receipt requested, addressed to the occupant or his agent at the residence within 14 days from his first furnishing materials or labor, that he is supplying materials or labor; provided, however, that any notice given after 14 days by the subcontractor shall preserve his lien, but only to the extent that the owner has not been prejudiced by payments made prior to receipt of the notice." Ill. Rev. Stat. 1979, ch. 82, pars. 5 and 21.

"The notification shall include a warning to the owner that before any payment is made to the contractor, the owner should receive a waiver of lien executed by each subcontractor who has furnished materials or labor." Ill. Rev. Stat. 1979, ch. 82, par. 21.

It is admitted by Hill Behan that such 14-day notice was not furnished to either the occupants and trust beneficiaries, Reaser and Taylor, or to the bank. Hill Behan contends, however, that the notice was not required, that it did serve the usual notice of a mechanics' lien required of a subcontractor under section 24 of the Mechanics' Lien Act and that it thus complied with the statute. Section 24 only requires notice to the owner or his agent within 90 days of furnishing the material. (Ill. Rev. Stat. 1979, ch. 82, par. 24.) Since, Hill Behan contends, the property in question is not a single-family owner-occupied residence, the 90-day notice provision applies and was complied with, making the lien valid. Hill Behan contends the dwelling is not owner-occupied because the actual title-holder is the trustee, the bank, and, in addition, it is not a single-family residence but it is in reality a two-family apartment building.

■■ We will deal only briefly with the contention that the building in question is not owner-occupied because the "owner" is the record titleholder, which is the bank under a land trust. This court noted in *Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 59, where this issue was presented that:

"The Illinois courts have repeatedly and consistently held that a holder of an equitable interest in the land, including a beneficiary under a land trust, is an 'owner' within the meaning of the Illinois Mechanics' Lien Act, and we again so hold."

This holding was confirmed by this court in the more recent case of *Fischer v. McHenry State Bank* (1979), 74 Ill. App. 3d 509, citing *Dunlop*. No more need be said on this point.

■■ The second argument of Hill Behan is that the 14-day notice required to be sent to the owner under sections 5 and 21 of the Mechanics' Lien Act is not applicable to this case because the building in question is not a single-family dwelling. Hill Behan admits it did not send the notice required by these sections. In support of this contention, Hill Behan points

to the fact that there were two complete kitchens in the dwelling—one on each floor—as well as bedrooms on each floor, so that it was possible to use the building as two separate apartments. Moreover, Hill Behan points out, Mayme Taylor, the grandmother, who was co-owner of the property with her daughter, Virginia Reaser, lived upstairs and her daughter, and before that her granddaughter, lived with their respective children downstairs, thus constituting two separate families, not one single family.

On the other hand, the dwelling had only one front and one back entrance and the stairway to the upstairs was not enclosed. Mayme Taylor testified there was only one telephone listed at this address and that meals, except for breakfast, were usually eaten together on the second floor, since the second-floor kitchen was larger. The dwelling had been occupied for over 20 years by the same family group, that is by the grandmother, Mayme Taylor, and her daughter and granddaughter and the granddaughter's children, or her daughter, Virginia Reaser, and Virginia's children. The premises had never been rented to any outside persons. The chief building inspector of Gurnee, where the building was located, testified that the location was in an area zoned R-2 and there was no evidence that this was a nonconforming use.

The trial court, after hearing the testimony, found that the property was a single-family owner-occupied dwelling and that the 14-day notice specified in sections 5 and 21 of the Mechanics' Lien Act applied and that such notice had not been sent. The trial court therefore held that no mechanics' lien attached to the property.

The trial court's judgment was clearly not against the manifest weight of the evidence. While there were some facts from which it could be argued that this was a two-family residence, there were other facts, more persuasive, supporting the trial judge's finding that it was an owner-occupied single-family dwelling. We think the particular situation here was within the common concept of what constitutes a one-family dwelling. Moreover, the Mechanics' Lien Act is in derogation of the common law and is to be strictly construed. (*Edward Hines Lumber Co. v. Dell Corp.* (1977), 49 Ill. App. 3d 873; *M. L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677.) In this case, a strict construction of sections 5 and 21 of the Mechanics' Lien Act in connection with the notice required for enforcing the lien as a primary lien against the premises seems justified.

For the foregoing reasons the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

HOPF and NASH, JJ., concur.