GARY L. BROWN PAINTING & DECORATING, LTD., Plaintiff-Appellant,
v. DAVID E. COMEAU, LTD., *et al.*, Defendants-Appellees.

Second District   No. 2—86—0998

Opinion filed August 17, 1987.

Michael P. Edgerton, of Farrell, Edgerton & Hatfield, of West Chicago, for appellant.

Gregg A. Flitcraft, of Olson, Grabill & Hoffman, of Northbrook, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

The plaintiff, Gary L. Brown Painting and Decorating, Ltd., appeals from the judgment of the circuit court which entered judgment on the pleadings in favor of the defendants William and Judith Regnery. On appeal, the plaintiff contends that the court erred when it found for the defendants for the reason that the 90-day notice required by section 24 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 24) was never delivered as required. Defendants filed a motion pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) for costs and fees of defending this appeal.

On June 26, 1984, the plaintiff, a subcontractor, entered into an agreement with David E. Comeau, Ltd., a general contractor, to provide labor and materials for painting, decorating, and drywalling at a single-family residence owned by the defendants, William and Judith Regnery. The plaintiff completed the work on July 20, 1984, with the sum of $4,840 due. On April 15, 1986, the plaintiff served a 14-day notice on the defendants pursuant to section 5 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 5). On October 8, 1986, the plaintiff filed an amended complaint to foreclose the mechanic's lien wherein it alleged that the service of this notice preserved its lien for

the funds claimed.

In paragraph 7 of plaintiff's amended complaint, it is alleged that its mechanic's lien was preserved against defendants' funds not prejudiced by payment made prior to service of the notice. Defendants filed an affirmative defense admitting that they withheld payments of $3,200 of the originally agreed upon contract price of $66,832.90. This amount was withheld from the final payment to the general contractor "in order to compensate for the costs which would be incurred" by the defendants (Regnery) in completing the work which the general contractor had agreed but failed to complete. There is nothing in the record to indicate that the dispute between the general contractor and the defendants regarding the withholding of $3,200 was litigated to a conclusion.

On October 23, 1986, the trial court granted the defendants' motion for judgment on the pleadings based on the fact that the plaintiff had failed to deliver the 90-day notice required by section 24 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 24). The plaintiff then filed the present appeal. On March 10, 1987, defendants made a motion for costs and attorney fees incurred in defending the appeal.

■■■ We first address the issue of whether the trial court erred in granting defendants' motion for judgment on the pleadings. A motion for judgment on the pleadings requires that the court examine the pleadings in order to determine if there is an issue of fact or if the controversy can be resolved solely as a matter of law. (*Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562.) The cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which entitle the pleader to relief. *Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972.

In what appears to be a case of first impression, plaintiff asserts that when the legislature amended section 5 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 5), it provided a new and alternative method of lien perfection specifically for subcontractors who perform work on existing owner–occupied single-family residences. Section 5 states in pertinent part:

> "It shall be the duty of each subcontractor who has furnished, or is furnishing, materials or labor for an existing owner–occupied single-family residence, in order to preserve his lien, to notify the occupant either personally or by certified mail, return receipt requested, addressed to the occupant or his agent at the residence within 14 days from his first furnishing materials or labor, that he is supplying materials or labor, provided, however,

that any notice given after 14 days by the subcontractor shall preserve his lien, but only to the extent that the owner has not been prejudiced by payments made prior to receipt of the notice." Ill. Rev. Stat. 1985, ch. 82, par. 5.

It is plaintiff's position that despite the 90-day notice required by section 24, section 5 allows for late notice with respect to subcontractors who perform work on owner–occupied single-family residences, to the extent that the owner has not been prejudiced by payments made prior to receipt of notice. (Ill. Rev. Stat. 1985, ch. 82, par. 5.) Thus, the plaintiff concludes that it preserved its lien and strictly complied with the provisions of section 5 when it served the 14-day notice on the owners on or about April 15, 1986.

■ A party seeking to foreclose a mechanic's lien is required to allege facts showing that he has performed all steps prescribed by statute in order to perfect the lien he seeks to enforce; service on the 90-day notice pursuant to section 24 is one of those steps and is a condition precedent to the cause of action. (*Hill Behan Lumber Co. v. Irving Federal Savings & Loan Association* (1984), 121 Ill. App. 3d 511, 518.) Service of notice under section 24 has been described as a precedent to the creation of a lien under the Act. *Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 140.

In 1975, section 5 of the Mechanics' Liens Act was amended to require that a subcontractor's notice be served upon the occupant of an existing owner–occupied single-family residence within 14 days of the first furnishing of materials or labor. The plaintiff characterizes this notice requirement as a "new method of perfection of lien."

■ The issue presented by this case is whether a subcontractor perfected its mechanic's lien by serving a notice pursuant to section 5 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 5) which was served more than 90 days after completion of the work. This determination requires that we address the purpose of the amendment to section 5 of the Mechanics' Liens Act. The proceedings in the General Assembly at the time of enactment of the amendment to section 5 demonstrate that this change was made to protect the homeowner of a single-family dwelling and to warn him to get a waiver of lien from the subcontractor so that he would not have to pay twice. Having the purpose of the amendment in mind and observing that section 24 of the Mechanics' Liens Act (Ill. Rev. Stat. 1985, ch. 82, par. 24), which requires that the subcontractor serve the owner with a 90-day notice which was not repealed, it is apparent that the legislature did not intend to eliminate the requirement of the 90-day notice pursuant to section 24. The fact that the legislature could have easily provided for this

exception and failed to do so readily confirms the finding of the trial judge that the service of a 90-day notice under the facts of this case was still required.

We are not persuaded by plaintiff's position that the addition of the 14-day notice requirement, in effect, repealed the 90-day notice requirement pursuant to section 24 with respect to owner–occupied single-family residences. The repeal of statutory enactments by implication is not favored. (*Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 412, *aff'd* (1983), 96 Ill. 2d 378.) It is only where there is a clear repugnance between two acts and the provisions of both cannot be carried into effect that the latter must prevail. (*People ex rel. Adamowski v. Metropolitan Sanitary District* (1958), 14 Ill. 2d 271, 283.) Any construction of two or more statutes which might lead to such a repeal should be avoided (*Decker v. University Civil Service System Merit Board* (1980), 85 Ill. App. 3d 208, 212), and even if there is an apparent inconsistency between statutes, they will be construed insofar as possible so as to preclude an implied repeal of the earlier by the latter (*Northwestern University v. State of Illinois* (1977), 56 Ill. App. 3d 305, 309). A repeal by implication will not be found unless the intent of the legislature to do so is clear. *People v. Moffitt* (1985), 138 Ill. App. 3d 106, 116-17.

In view of our interpretation of the pertinent language of section 5 and section 24 of the Mechanics' Liens Act, it is not necessary for us to address the issue raised by the defendant's affirmative defense. Ill. Rev. Stat. 1985, ch. 82, pars. 5, 24.

Though we find for the defendants in regard to the dismissal on the pleadings, we deny their motion for costs and attorney fees filed pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). The case law regarding the pertinent sections of the Act is so minimal that litigants must often fashion their own interpretations of the statutory language. While we do not agree with plaintiff's interpretation of section 5, we nevertheless find that it was based on a colorably plausible argument for the extension or modification of the Act and that the appeal was not interposed for any improper purpose. Consequently, plaintiff did not violate section 2—611 of the Code of Civil Procedure.

Accordingly, we affirm the judgment of the trial court, and defendants' motion for costs and attorney fees on appeal is denied.

Affirmed.

HOPF and NASH, JJ., concur.