PHIL PITTMAN, d/b/a Phil's Building Materials Center, Plaintiff, v. JAMES A. MANION *et al.*, Defendants (Eater Heating and Cooling Service Company, Counterplaintiff-Appellant; James A. Manion *et al.*, Counterdefendants-Appellees).

Fifth District    No. 5—90—0215

Opinion filed March 22, 1991.—Rehearing denied May 23, 1991.

Demetri Hassakis, of Hassakis & Hassakis, of Mt. Vernon, for appellant.

Pamela Lacey, of Hart & Hart, of Benton, for appellees James A. Manion and Bobbie L. Manion.

Howard & Howard, of Mt. Vernon (G.W. Howard III, of counsel), for appellee Boatmen's Bank of Mt. Vernon.

David M. Raymond, of Law Office of Douglas A. Antonik, of Mt. Vernon, for appellee Bank of Illinois in Mt. Vernon.

JUSTICE WELCH delivered the opinion of the court:

Appellant, Eater Heating & Cooling Service Co. (hereinafter, Eater), appeals from the dismissal with prejudice of its counterclaim by the circuit court of Jefferson County on March 12, 1990. For the

reasons which follow, we reverse the order of the circuit court and remand this cause with directions.

The original action was initiated by Phil Pittman on July 27, 1988, with the filing of a complaint to foreclose his subcontractor mechanic's lien against James Manion and Bobbie Manion (hereinafter, Owners); the general contractor, David Laird; the mortgagees of the owners' real estate, Boatman's Bank of Mt. Vernon and the Bank of Illinois in Mt. Vernon; and other possible holders of mechanics' liens against the real estate. Eater filed its counterclaim in the circuit court on August 15, 1988, against the owners, the above-named mortgagee banks and Phil Pittman, seeking to foreclose its subcontractor mechanic's lien against the owners' real estate and a money judgment against the owners or the contractor, David Laird. Eater alleged in the counterclaim that from April 16, 1987, to December 14, 1987, pursuant to its contract with Laird, it had furnished labor and materials for a heating and air conditioning system in the home of the owners and that the amount due for the above labor and materials was $14,891.34. Eater attached as an exhibit to its counterclaim its subcontractor's 90-day notice served on the owners on March 2, 1988, at the residence where the lienable services and materials were furnished, pursuant to section 24 of the Mechanics' Liens Act (Ill. Rev. Stat. 1989, ch. 82, par. 24).

The owners filed a motion to dismiss Eater's counterclaim for the reason that it failed to allege facts showing compliance with the Mechanics' Liens Act. The owners cited, in particular, sections 5 and 21 of the Mechanics' Liens Act (Ill. Rev. Stat. 1989, ch. 82, pars. 5, 21), which are essentially identical. Section 5 requires in pertinent part as follows:

"It shall be the duty of each subcontractor who has furnished, or is furnishing, materials or labor for an existing owner-occupied single-family residence, in order to preserve his lien, to notify the occupant either personally or by certified mail, return receipt requested, addressed to the occupant or his agent at the residence within 14 days from his first furnishing materials or labor, that he is supplying materials or labor, provided, however, that any notice given after 14 days by the subcontractor shall preserve his lien, but only to the extent that the owner has not been prejudiced by payments made prior to receipt of the notice.

The notice shall contain the name and address of the subcontractor or material man, the date he started to work or to deliver materials, the type of work done and to be done or the

type of materials delivered and to be delivered, and the name of the contractor requesting the work. The notice shall also contain the following warning:

'NOTICE TO OWNER

Do not pay the Contractor for this work or material delivered unless you have received from the Contractor a waiver of lien by, or other satisfactory evidence of payment to, the Subcontractor or Material Man.' Such warning shall be in at least 10 point boldface type. For purposes of this section, notice by certified mail is considered served at the time of its mailing." (Ill. Rev. Stat. 1989, ch. 82, par. 5.)

The owners alleged that David Laird was the contractor with whom they contracted to renovate and reconstruct their home and that the subcontractor Eater had failed to serve this notice on them at any time after the furnishing of materials or labor and so its lien had not been preserved and the suit to foreclose the lien should be dismissed. The court below dismissed Eater's counterclaim with prejudice on August 25, 1989, finding that it was fatally defective for failure to plead service of a 14-day subcontractor notice on the owners.

Eater filed a motion to reconsider the order of dismissal on September 14, 1989, claiming, as it does in this appeal, that because the owners' real estate was not an existing owner-occupied single-family residence occupied by the owners at the time it furnished the heating and air conditioning system, the 14-day notice was not required. Eater attached the affidavit of David McCann, one of its partners, which affidavit provided that McCann had personal knowledge that the owners' premises had been destroyed by fire and was not occupied by the owners or anyone else during the period of time the lienable services and materials were furnished to the owners' real estate, and that the residence now located on said real estate was built from the basement up. The owners responded, as they do in this appeal, that if Eater's position regarding the applicability of section 5 of the Mechanics' Liens Act to this factual situation is adopted by the court, then the purpose of the Act would be defeated, as families who go on vacation or even leave for the day for school or work would be unprotected by the notice provisions if they could arguably be found not to "occupy" their family home at the moment a subcontractor began work or delivered materials. Bobbie Manion submitted an affidavit which was attached to the owners' response which provided that the owners occupied the premises during the time Eater furnished the lienable labor and materials because family possessions which were not burned were at all times after the fire stored on the premises in a

storage shed and that members of the family were frequently and regularly at the premises during this time period. Eater filed a supplement to its motion to reconsider stating that unlike the section 24 90-day notice on the *owner*, with which it complied, the section 5 notice is only required to be given to owner-occupied single-family *residents*.

On March 1, 1989, Laird filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code (11 U.S.C.S., ch. 7, §301 *et seq.* (Supp. 1990)), listing Eater among his creditors, and received his discharge 106 days later on June 15, 1989. Eater also noted in the supplement to its motion that because of Laird's intervening bankruptcy and discharge it would strike the request for a personal judgment against Laird as requested in its prayer for relief. Eater had not joined or served Laird as a defendant in its counterclaim or proposed counterclaim, however, and maintains on appeal that Laird is not a necessary party in its complaint to foreclose a mechanic's lien against the owners' real estate.

The court below denied Eater's motion to reconsider but allowed Eater leave to file a motion to amend its proposed amended counterclaim to include argument as to the necessity of joining defendant Laird regarding his bankruptcy. Eater contended that because it was not seeking a money judgment against Laird, the contractor was not a necessary party in foreclosure of its mechanic's lien in a proceeding brought under section 11 of the Mechanics' Liens Act. Eater cited this pertinent part of section 11 under which it stated it would bring the amended counterclaim:

> "The plaintiff shall make all parties interested, of whose interest he is notified or has knowledge, parties defendant, ***. *** Parties in interest, within the meaning of this act, shall include persons entitled to liens thereunder whose claims are not, as well as are, due at the time of the commencement of suit ***; also all persons who may have any valid claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit." Ill. Rev. Stat. 1989, ch. 82, par. 11.

The court below denied Eater's motion for leave to file its amended counterclaim on March 12, 1990, finding that it was seeking to obtain a money judgment against the owners pursuant to section 28 of the Mechanics' Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 28) without joining the contractor Laird and that section 28 requires joinder of both the owner and the contractor. It further found that while

bankruptcy stays the attendant time periods, it does not excuse the necessity of naming the contractor, and that while an extension of time could be granted to allow Eater the opportunity to attempt to reopen Laird's bankruptcy proceeding, actions brought by the subcontractor pursuant to section 28 against the owner require that the subcontractor establish a right to a lien. The court concluded that because it had already held that Eater had not served the 14-day notice required by section 5, Eater could not maintain an action under section 28, which requires compliance with the notice provisions of both sections 24 and 5. This appeal followed.

We note that this is a case of first impression with regard to whether section 5 of the Mechanics' Liens Act requires a 14-day notice to be given by the subcontractor where, as here, the lienable services are being provided to reconstruct a formerly owner-occupied residence destroyed by fire and the owners are temporarily living elsewhere while their home is being rebuilt. Owners, however, cite our attention to *Hill Behan Lumber Co. v. American National Bank & Trust Co.* (1981), 101 Ill. App. 3d 268, 427 N.E.2d 1325, as being dispositive of the issue whether Eater was required to give them the 14-day notice under section 5 in order to preserve its lien. In *Hill Behan* the issue on review was whether the subcontractor was required to give the 14-day notice required by section 5 of the Mechanics' Liens Act in addition to the 90-day notice required under section 24 of the Act where title to the dwelling in which the lienable services and material were furnished was held in a land trust by a bank, as trustee, and the dwelling had two complete kitchen facilities, one on each floor, with a grandmother living upstairs and daughter living downstairs. The court found that while legal title was held by the trustee-bank, the equitable owner of the property did indeed reside on the premises. The court further found that although there were separate kitchen facilities, the dwelling was a single-family residence rather than a two-family apartment building and accordingly held that the subcontractor could not maintain its action to foreclose its lien because it had not complied with the notice provisions of section 5. (*Hill Behan*, 101 Ill. App. 3d at 270-71, 427 N.E.2d at 1327-28.) Thus, the issue decided was whether the premises were "owner-occupied" and "single-family."

In the instant case, however, it is undisputed that the owners were not living at the premises during the time period when Eater was furnishing the lienable services and materials. The owners acknowledge that after the fire they stayed at a motel and with relatives while the home was being rebuilt. Although a few possessions

were rescued and stored in a shed, the house was rendered completely uninhabitable by the fire. Therefore, the owners' family could not, by any stretch of the imagination, be considered to be residing on or occupying the property.

■ We note that section 5 of the Mechanics' Liens Act was amended in 1975 to add the requirement that a subcontractor's notice be served upon the occupant of an existing owner-occupied single-family residence within 14 days of the first furnishing of materials or labor in order to preserve the subcontractor's lien. (Pub. Act 79—1162, eff. Dec. 18, 1975.) The purpose of the amendment to section 5 of the Mechanics' Lien Act was to protect the homeowner of a single-family dwelling and to warn him to get a waiver of lien from the subcontractor so that he would not have to pay twice. (*Gary L. Brown Painting & Decorating, Ltd. v. David E. Comeau, Ltd.* (1987), 159 Ill. App. 3d 746, 749, 512 N.E.2d 795, 797.) We also note that the Mechanics' Lien Act is in derogation of the common law and is to be strictly construed. *Hill Behan*, 101 Ill. App. 3d at 271, 427 N.E.2d at 1328.

■ Reconstruction of the owners' home in the instant case is more similar to the construction of a new home where work is being done by numerous contractors and subcontractors and construction progress and payout are undoubtedly supervised by a construction lender. Moreover, as with construction of a new home, the residence is not occupied until construction is virtually completed. We therefore find that the rationale behind the additional protection the legislature sought to provide for the homeowner who occupies his home while the lienable services are being provided is not present under the circumstances of this case. Accordingly, we hold that Eater was not required to give the 14-day notice required by section 5 of the Mechanics' Liens Act because the owners' real estate was not an existing owner-occupied single-family residence under a strict construction of this section of the Act.

We note at this juncture that the court below was correct in finding that Eater was not seeking relief pursuant to section 11 of the Mechanics' Liens Act (Ill. Rev. Stat. 1989, ch. 82, par. 11), which merely sets forth the averments required in the complaint filed pursuant to the relief sections of the Act, which includes in pertinent part section 28 thereof. Section 28 of the Mechanics' Liens Act requires that the subcontractor first serve notice as provided in sections 5, 24, 25, and 27 and then allows the subcontractor to file a complaint to enforce his lien or to sue the owner and contractor jointly for the amount due and to obtain a personal judgment, as in other cases. (See Ill. Rev. Stat. 1987, ch. 82, par. 28.) However, such actions may be

maintained against the owner only when the plaintiff establishes a right to the lien. *D.E. Wright Electric, Inc. v. Henry Ross Construction Co.* (1989), 183 Ill. App. 3d 46, 48, 538 N.E.2d 1182, 1184.

■ Because of Laird's bankruptcy discharge, Eater was precluded from proceeding thereafter other than to foreclose its lien against the owners' real estate. The discharge in bankruptcy serves as an injunction for actions to collect debts as a personal liability or to recover property of the debtor which has survived the bankruptcy estate. (See 11 U.S.C.S. §§524(a)(2), 524(a)(3) (Supp. 1990).) The owners argue that the court's order on review may be maintained, in any event, because Eater failed to join the contractor Laird, who is a necessary party to Eater's action to foreclose its lien against their real estate, citing the Illinois Supreme Court's decision in *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 457 N.E.2d 422, in support of this proposition. We agree that the *Garbe* case supports a conclusion that, to enforce its lien, it was mandatory for Eater to join both the contractor and the property owners, notwithstanding the discharge in bankruptcy granted to Laird which prohibits Eater from maintaining an action to collect a personal judgment against the contractor under section 28. The issue we must next address is whether Eater's motion for leave to file an amended counterclaim should have been denied on March 12, 1990, because Eater failed to join Laird as a necessary party-defendant. "[I]t is well established that a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, *and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated.*" (Emphasis in original.) *Hill Behan Lumber Co. v. Irving Federal Savings & Loan Association* (1984), 121 Ill. App. 3d 511, 517, 459 N.E.2d 1066, 1071.

From March 1, 1989, until his discharge on June 15, 1989, Laird was under the protection of the automatic stay provisions of the United States Bankruptcy Code. Section 362 of the Bankruptcy Code provides that a bankruptcy filing automatically stays the commencement or continuation of any proceeding against the debtor, including issuance of process. (*Garbe*, 99 Ill. 2d at 86, 457 N.E.2d at 424; 11 U.S.C. §362(a) (Supp. 1979).) Eater was thus prohibited from joining Laird as a party defendant in any amended counterclaim to foreclose its lien until after June 15, 1989. Owners note that Eater could have sought relief from stay in order to join Laird in the action as the subcontractor did in the *Garbe* action and had not yet joined the contractor at the time the motion for leave to file an amended complaint had been decided.

However, we note that the *Garbe* decision also held that in situations where bankruptcy of a necessary party intervenes and delays the party's ability to maintain his action to foreclose the mechanic's lien, section 108(c) of the Bankruptcy Code extends the amount of time the subcontractor has to file suit. (*Garbe*, 99 Ill. 2d at 87, 457 N.E.2d at 424.) This section of the Bankruptcy Code provides:

"[I]f applicable *** law *** fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor *** and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) [T]he end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 ***." 11 U.S.C.S. §108(c) (1985).

Generally, the Mechanics' Liens Act requires that a subcontractor must file suit to enforce his lien within two years after completion of the contract. (Ill. Rev. Stat. 1989, ch. 82, par. 9.) Eater alleged that the lienable services were completed on December 14, 1987, and so under normal circumstances his action would have to have been maintained by December 14, 1989. Because the relief afforded creditors by section 108(c) is not limited to situations like the *Garbe* case, in which the creditor-subcontractor seeks relief from stay prior to the debtor-contractor's discharge, we find that Eater could have joined Laird in order to maintain its suit to foreclose its mechanic's lien as late as 106 days after December 14, 1989, or March 30, 1990. We therefore hold that the court below erred in dismissing Eater's right to join Laird as a necessary party defendant by its order of March 12, 1990, prior to the expiration of the limitation period, as extended by section 108(c) of the Bankruptcy Code.

■ As noted earlier, our reversal and remand includes some instructions. Both Eater and the court below are apparently under the misconception that Eater must petition the United States Bankruptcy Court to reopen Laird's bankruptcy to obtain relief from stay in order to join Laird as a party defendant in Eater's amended counterclaim. Such procedure is totally unnecessary. When Laird's discharge was entered, the automatic stay of Bankruptcy Code section 362(a) also terminated, and Eater could then proceed with impunity against Laird subject to the discharge provisions of the Bankruptcy Code. As noted earlier, Bankruptcy Code section 524 only prohibits or enjoins Eater from proceeding to collect a personal liability against Laird. As

Laird is joined in this suit in order to foreclose the mechanic's lien against the owners' property, the discharge injunction of section 524 does not apply.

Accordingly, the March 12, 1990, order of the circuit court of Jefferson County is reversed, and this cause is remanded with directions to grant Eater's motion for leave to file an amended counterclaim with David Laird joined as a party counterdefendant.

Reversed and remanded with directions.

RARICK, P.J., and GOLDENHERSH, J., concur.