WEST POINTE PROPERTIES,
Plaintiff–Appellant,

v.

Billy Eugene FRYE and Wade M.
Boswell, Trustee, Defendants–
Appellees.

Court of Appeals of Tennessee,
Eastern Section.

April 26, 1996.

Rehearing Denied May 22, 1996.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 7, 1996.

James W. Hodges, Jr., Memphis, for plaintiff-appellant.

Wade M. Boswell, Knoxville, for defendants-appellees.

## OPINION

GODDARD, Presiding Judge.

West Pointe Properties, a partnership composed of two separate corporations, in which Ronnie C. Frye was a principal, sued Billy Eugene Frye and Wade M. Boswell, Trustee, seeking a determination that the lien created by a certain deed of trust on property which West Pointe now owns had expired and that the lien created thereby was unenforceable. The complaint also sought a temporary restraining order prohibiting the Defendants from proceeding with a foreclosure sale.

The Chancellor decreed that the deed of trust was not time-barred and remained enforceable to secure the original note and interest, which at that time totaled $111,664. In a subsequent order after a further hearing he held the trust deed also secured attorney fees in the amount of $10,000 and expenses incurred by the Defendants in the amount of $2732.40.

West Pointe appeals contending the Court was in error in finding the lien had not expired, and also in the amounts awarded for interest, attorney fees and expenses.

The determining facts of this case, which are stipulated, will now be listed:

1. Billy Eugene Frye is the holder of a note dated May 15, 1984, in the amount of $49,000 due 30 days after date. This note is secured by a deed of trust of the same date conveying 32.79 acres located in the 6th Civil District of Knox County.

2. Notice by a substitute trustee of a trustee's sale was published in a local newspaper setting Tuesday, May 31, 1994, as the date for the sale.

3. At the importuning of Ronnie C. Frye, on behalf of West Pointe, the sale was adjourned until June 13, 1994.

4. On June 10, 1994, West Pointe filed a Chapter 11 Bankruptcy, resulting in an automatic stay as to the foreclosure sale.

5. After a motion to dismiss was filed by Billy Eugene Frye and a response thereto was filed by West Pointe, stipulation number 20 states the following:

20. Following a hearing on November 1, 1994, an Order was entered November 2, 1994, by the Bankruptcy Court dismissing the Chapter 11 bankruptcy case of the debtor. A copy is attached as Exhibit 30.

6. A notice of the substitute trustee for a trustee's sale was again published setting as the date of sale Thursday, December 15, 1994.

7. The complaint in the present case was filed on December 2, 1994.

8. An answer and counter-complaint was filed on December 13, 1994. An amended and supplemental answer and counter-complaint was filed on December 20, 1994. The amended counter-complaint sought to foreclose the trust deed.

The Chancellor found in favor of Mr. Frye and the Trustee on two separate grounds: (1) that the time for foreclosing the property was extended for 145 days, the period of time the bankruptcy proceed was pending, and (2) the amended counter-complaint seeking permission to foreclose the property related

back to December 2, the date the original complaint was filed, and met the 30–day requirement of 11 U.S.C.A. § 108(c).

Counsel for the Defendants concedes that the six-year statute of limitations has run as to the indebtedness which the deed of trust secured, and counsel for West Pointe concedes that the ten-year statute of limitations is applicable to the lien created by the trust deed. He insists, however, that it would not extend to interest accruing after the note was barred.

Federal and State Statutes touching on the principal question raised by this appeal— whether the lien of the trust deed was time-barred—are as follows:

### 11 U.S.C.A. § 108(c)

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

### T.C.A. 28–2–111(a)

**28–2–111. Period of validity of liens—Extension.**—(a) Liens on realty, equitable or retained in favor of vendor on the face of the deed, also liens of mortgages, deeds of trust, and assignments of realty executed to secure debts, shall be barred, and the liens discharged, unless suits to enforce the same be brought within ten (10) years from the maturity of the debt.

T.C.A. 28–1–114(a)

**28–1–114.· Counterclaim or third party complaint.**—(a) A counter-claim or third party complaint or cross-claim is not barred by the applicable statute of limitations or any statutory limitation of time, however characterized, if it was not barred at the time the claims asserted in the complaint were interposed.

After the Chancellor rendered his opinion, which relied upon appellate decisions of sister states,[1] our Supreme Court, in *Weaver v. Hamrick*, 907 S.W.2d 385 (Tenn.1995), held that pendency of a bankruptcy proceeding did not suspend the running of a lien enforcement period and, consequently, suit must be filed within the 30–day limit set out in 11 U.S.C.A. § 108(c).

In light of *Weaver*, counsel for the Defendants also concedes that the Chancellor may not be sustained on the first ground.

█ As to the second ground, West Pointe insists that the counter-claim did not meet the 30–day requirement of 11 U.S.C.A. § 108(c) as the time should be counted from the date the Bankruptcy Judge pronounced his opinion in the presence of counsel for the Defendants on December 1, rather than when it was entered, on December 2.

We note that the record does not disclose, as evidenced by stipulation 20, hereinbefore set out, and exhibit 30, referred to therein, that the Defendants and their counsel were present on November 1. We will, however, assume this to be the case.

It is West Pointe's insistance that the 30–day period set out in 11 U.S.C.A. § 108(c) began on December 1, the date the Bankruptcy Judge announced that he was dismissing the petition. His order, however, was not entered until the next day.

We have no difficulty in finding that the time should be calculated from the date the order was entered rather than the date it was pronounced. This, in our view, makes for a more orderly procedure in that there is no question when an order has been entered and there may be a question when it is pronounced or whether the parties to be charged had notice of the pronouncement.

In reaching our conclusion we are not unmindful of the case of *Noli v. C.I.R.*, 860 F.2d 1521 (9th Cir.1988), cited by West Pointe. In that case the bankruptcy judge orally lifted a stay so that a tax court proceeding against the debtor, which was in progress, could continue. On the same day the order was lifted the tax court proceeding continued and on appeal the debtor insisted the proceedings were invalid because the order memorializing the court's action was not effective until entered in accordance with the requirements of Rule 58[2] of the Federal Rules of Civil Procedure.

In disposing of this issue and giving support to our resolution of the question, the 9th Circuit stated the following (at page 1525):

> Petitioners' arguments concerning the legal propriety of the Tax Court trial proceedings are devoid of merit. First, they argue that the bankruptcy court's oral order granting relief from the automatic stay was neither properly rendered nor docketed by the bankruptcy court. Thus, they contend no valid judgment existed which would allow the Tax Court to continue the trial proceedings.
>
> This argument misperceives both the purpose of Fed.R.Civ.P.58, and the binding effect of an order notwithstanding the issuing court's failure to enter it on the docket. The "separate document" requirement of Rule 58 was intended primarily to clear up uncertainties in determining, for purposes of appellate review, when there is a final appealable judgment. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (The "sole purpose" of the separate document requirement is "to clarify when the time for appeal ... begins to run"). Similarly, the bankruptcy court's order lifting the stay was effective and binding upon the

---

1. *Pittman v. Manion,* 570 N.E.2d 1169 (Ill.App. Ct.1991); *Major Lumber v. G & B Remodeling,* 817 S.W.2d 474 (Mo.Ct.App.1991).

2. As pertinent, Rule 58 provides the following:

Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

parties. The petitioners make no claim, nor could they, that they were prejudiced by the bankruptcy court's failure to enter a separate judgment. *See, e.g., Harris v. McCarthy,* 790 F.2d 753, 757 (9th Cir. 1986). They were present when the oral order was issued and clearly had notice of its existence and content. Moreover, petitioners understood and accepted the order as final for purposes of appeal. They filed a timely appeal from that order and the reason for application of Rule 58 is simply not applicable here.

We also note that the debtor in *Noli* was using every means available to hinder and delay proceedings in the tax court. Moreover, that case did not involve a determination of the beginning date of a period when action must be taken.

Finally, as to the issue relative to the enforceability of the lien, we have examined the other contentions of West Pointe—original mortgagors not made a party to the suit, equitable estoppel, public policy underlying T.C.A. 28–2–111(a)—and find them to be without merit.

■ West Pointe also contends that the only attorney fees and expenses to which the Defendants are entitled are those incident to the foreclosure of the trust deed and not those incurred in connection with the defense of the present suit. We do not choose to narrowly construe the provisions of the trust deed relative to attorney fees and expenses, observing that it was absolutely necessary that this case be defended before the Defendants could foreclose the trust deed.

■ Lastly, West Pointe argues that the Trial Court was in error in adjudging the amount the lien of the trust deed secured, insisting that it only secures the principal amount and the interest accruing until the note became time-barred. No authority is cited for this insistence and we cannot conceive of a reason a lien would remain viable as to a debt and interest accruing before being time-barred by the six-year statute of limitations, but not as to interest accruing thereafter.

In conclusion, we point out that we cannot find one single equity in this case favoring West Pointe.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause is remanded for determination of attorney fees and expenses incident to this appeal, collection of costs below, and such other proceedings as may be necessary. Costs of appeal are adjudged against West Pointe and its surety.

FRANKS, SUSANO, JJ., concur.