CONCRETE PRODUCTS, INC., d/b/a Aurora Concrete Products Company, Plaintiff-Appellee, v. CENTEX HOMES *et al.*, Defendants-Appellants (Grace Development Corporation *et al.*, Defendants).

Second District   No. 2—99—0287

Opinion filed December 3, 1999.

Nicholas C. Dranias and Constantine N. Dranias, both of Dranias, Harrington & Wilson, for appellants.

David T.B. Audley, of Chapman & Cutler, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Centex Homes (Centex) and Lord & Essex, Inc. (Lord & Essex), appeal the judgments of the circuit court of Kane County, granting plaintiff, Concrete Products, Inc., summary judgment on plaintiff's action to foreclose on its mechanic's lien and awarding plaintiff attorney fees. We vacate the trial court's judgments and remand the cause.

Plaintiff was hired as a subcontractor to supply materials for underground concrete structures by COR Construction & Development, Ltd. (COR). COR was the general contractor providing construction for underground structures at the subject property. Lord & Essex was the original owner of record and transferred its interest in the subject property to Centex shortly before plaintiff filed suit to enforce the lien. Defendants believed that COR "bungled" the underground construction at the subject property, allegedly causing Lord & Essex damages and lowering the fair market value of the property. On March 12, 1997, Lord & Essex filed suit against COR for these alleged dam-

ages. On October 7, 1997, plaintiff filed to foreclose on its mechanic's lien against COR and Centex as the owner of record. Thereafter, COR filed for bankruptcy on December 3, 1997.

COR's bankruptcy trustee informed plaintiff that, as a result of COR's bankruptcy, a stay was imposed on this cause pursuant to section 362(a) of the Bankruptcy Act (11 U.S.C. § 362(a) (1994)). The matter nevertheless progressed to summary judgment with the trial court ultimately granting judgment in favor of plaintiff. Defendants timely appealed.

The dispositive issue on appeal is the effect of the automatic stay of judicial proceedings pursuant to section 362(a) of the Bankruptcy Act (11 U.S.C. § 362(a) (1994)). On appeal, defendants contend that the automatic stay required plaintiff's action to abate until either COR was discharged in bankruptcy or plaintiff obtained relief from the automatic stay in the bankruptcy court. We agree.

■ Section 362(a)(1) of the Bankruptcy Act prohibits "the commencement or continuation, including the issuance or employment of process, *** of a judicial action against the debtor" once a bankruptcy petition has been filed. 11 U.S.C. § 362(a)(1) (1994). In addition, acts in violation of the section 362(a) automatic stay are void *ab initio*. *In re Garcia*, 109 B.R. 335, 340 (N.D. Ill. 1989); *Richard v. City of Chicago*, 80 B.R. 451, 453 (N.D. Ill. 1987).

■ Section 28 of the Mechanics Lien Act requires "[a]ll suits and actions by sub-contractors shall be against both contractor and owner jointly." 770 ILCS 60/28 (West 1996). Thus, the contractor is a necessary party without whom the action cannot go forward. See *Garbe Iron Works, Inc. v. Priester*, 99 Ill. 2d 84, 89 (1983); *Chicago Whirly, Inc. v. Amp Rite Electric Co.*, 304 Ill. App. 3d 641, 644-45 (1999); *Pittman v. Manion*, 212 Ill. App. 3d 342, 349-50 (1991). We note that each of these cases specifically deals with the effect of the automatic stay on either the limitations period (*Garbe* and *Pittman*) or the 30-day filing period (*Chicago Whirly*). This does not, however, affect the force of the reasoning in each of these cases.

In *Garbe*, the supreme court considered whether a bankruptcy filing by a necessary party in an action to enforce a mechanic's lien extended the time available to a subcontractor to file suit. After noting that the automatic stay provision prohibited any type of proceeding against the debtor/contractor, the supreme court stated that the lien enforcement action "could not have been commenced without joining the debtor as a party defendant." *Garbe*, 99 Ill. 2d at 89. Thus, the suit could not be initiated or proceed without the contractor's participation.

In *Pittman*, a subcontractor attempted to enforce its mechanic's

lien against the owner and contractor. *Pittman*, 212 Ill. App. 3d at 344. The court held that, in order to enforce its lien, the subcontractor was required to join both the contractor and the property owners, but as the contractor was in bankruptcy, the limitations period was extended by the same amount of time as the contractor spent under bankruptcy protection. *Pittman*, 212 Ill. App. 3d at 349-50. Similarly, in *Chicago Whirly*, the court held that the contractor was a necessary party and that the subcontractor was unable to file its mechanic's lien until after the termination of the automatic stay in bankruptcy. *Chicago Whirly*, 304 Ill. App. 3d at 646.

While no case has determined the effect of a stay on an already filed action to enforce a lien, each of the above cases consistently held that the general contractor was a necessary party in order to commence such an action. Further, according to these cases, if the general contractor were not joined, then the subcontractor seeking to enforce the lien must wait until such time as the stay was terminated or it received other relief from the bankruptcy court. Applying the same reasoning to the situation in which the contractor files for bankruptcy during the pendency of the subcontractor's lien enforcement action, the proceedings must abate until such time as the stay is terminated or the subcontractor receives other relief from the bankruptcy court. In other words, without the participation of the contractor, the lien enforcement action may not be initiated nor may it proceed during the time the contractor is unable to participate. Thus, we hold that a subcontractor cannot proceed in any manner in such an action while the stay is in effect.

In this case, COR, the general contractor, filed for bankruptcy protection after plaintiff had initiated this action to enforce its mechanic's lien. As soon as COR filed its petition in bankruptcy, the automatic stay became effective (*Townsend v. Magic Graphics, Inc.*, 169 Ill. App. 3d 73, 76 (1988) ("[t]he automatic stay set forth in section 362(a) takes effect the moment the petition in bankruptcy is filed")) and plaintiff was therefore precluded from taking any further action in this matter until such time as the stay was terminated. COR's bankruptcy trustee also informed plaintiff that it was required not to proceed any further in this lien enforcement action until plaintiff had been granted leave to proceed by the bankruptcy court. Accordingly, as the motion for summary judgment was initiated after the commencement of the automatic stay, it and the trial court's ruling thereon are void. Additionally, the trial court's award of attorney fees to plaintiff is similarly void as are the trial court's orders entered on defendant's motions to dismiss. We must therefore vacate all of the trial court's rulings made after the automatic stay took effect and remand the cause.

Plaintiff argues that this action does not run afoul of the automatic stay. Plaintiff contends that the bankruptcy of one of multiple defendants does not require the action to be stayed while the debtor is discharged in bankruptcy because the automatic stay applies only to actions directed against the debtor's assets. *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (*per curiam*); *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993). These cases are distinguishable, however, because the debtor in each case was not a necessary party to the litigation without whose presence the litigation could not be initiated or go forward. They are thus inapposite to the facts at hand in this case.

■ Plaintiff also contends that defendants were untimely in raising the automatic stay argument. We disagree. Defendants raised the argument in conjunction with their cross-motion for summary judgment as well as their motion to reconsider. The trial court erred by refusing to consider this argument during the motion to reconsider.

Accordingly, for the foregoing reasons, we vacate the judgments of the circuit court of Kane County and remand the cause for further proceedings consistent with this opinion.

Judgments vacated; cause remanded.

BOWMAN, P.J., and GEIGER, J., concur.